ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased; REGINA ZIRLOTT, in her individual capacity and REGINA ZIRLOTT, as dependent spouse of RICHARD MATTHEW ZIRLOTT;

§
§
§
§
§
§

**CIVIL ACTION NO.: 19-_____**

Plaintiff,

§
§
§

v.

§
§

DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; 1-10, whether singular or plural, individuals, partnerships, corporations, companies, or other legal entities that designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce that certain 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder in its defective and/or unreasonably dangerous condition hereinafter described in this Complaint; 11-20, whether singular or plural, the individuals, partnerships, corporations, companies, or other legal entities that designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce that certain 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder (and/or its component parts) and thereby impliedly warranted that it was merchantable and/or fit for the purposes for which it was designed; 21-30, whether singular or plural, the individuals, partnerships, corporations, companies, or other legal entities that negligently and/or wantonly designed, manufactured, assembled, inspected, tested, packaged, labeled, failed to provide adequate warnings for, sold, installed, repaired and/or maintained that certain 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder (and/or its component parts) hereinafter described in this Complaint; 31-40, whether singular or plural, the individuals, partnerships, corporations, companies, or other legal entities that suppressed, concealed, failed to disclose, and/or to warn Plaintiff and his decedent that the 60" "EZ Deck Step" Trailer Rub Rail Portable

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§


EXHIBIT
B

Ladder hereinafter described in this Complaint was § defective and/or unreasonably dangerous in that it was § unstable and could not remain on the trailer rub rail § during foreseeable uses; 41-50 are the individuals, § partnerships, corporations, companies, or other legal § entities that engaged in spoliation of material evidence; § 51-60 are the individuals, partnerships, corporations, § companies, or other legal entities who engaged in § outrageous conduct and/or intentional infliction of § emotion distress; 61-70, whether singular or plural, the § person, firm, corporation or other entity, whose § negligence, wantonness, or other tortious conduct § caused the death of Plaintiff's decedent, Richard § Matthew Zirlott, all of whose true legal names and § identities are unknown at this time but will be § substituted by amendment when ascertained,

**Defendants.**

## COMPLAINT

Plaintiff Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, deceased; Regina Zirlott, in her individual capacity; and Regina Zirlott as dependent spouse of Richard Matthew Zirlott, files this Complaint against Defendants DiscountRamps.com, LLC, HD Ramps, LLC, a subsidiary of DiscountRamps.com, LLC, ("HDR"), Southern Gas and Supply, Inc., Cypress Employment Services, LLC, Metals USA Plates and Shapes, Inc., ("Metals USA") and fictitious defendants 1-70, stating as follows:

### I.    PARTIES

1.     Plaintiff Regina Zirlott, Individually, and as Personal Representative of the Estate of Richard Matthew Zirlott, deceased, is an adult resident citizen of the State of Alabama. Richard Matthew Zirlott was a resident of the State of Alabama, and Mobile County, Alabama, when he died on December 18, 2018 in Mobile County, Alabama. Plaintiff Regina Zirlott brings this wrongful death action pursuant to Ala. Code Ann. §6-5-410 (1975).

2

2.     Plaintiff Regina Zirlott is the widow and dependent spouse of Richard Matthew Zirlott and was wholly dependent upon him at the time of and during the 52 week period of time prior to his death.

3.     Defendant DiscountRamps.com, LLC, is a Wisconsin corporation, which regularly conducts business in Mobile County, Alabama, and who sold the subject 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder in Mobile County, Alabama. Defendant HD Ramps, LLC ("HDR"), is a wholly-owned subsidiary of DiscountRamps.com, LLC, which regularly conducts business in Mobile County, Alabama, and who sold the subject 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder in Mobile County, Alabama.  These Defendants regularly conduct business in the State of Alabama and have an authorized dealership physically in the State of Alabama to sell their products, including the subject 60" "EZ Deck Step" Trailer Rub Rail Ladder.  Upon information and belief, these Defendants operate as a joint venture to sell products designed, manufactured, and sold by HD Ramps, LLC, nationwide, including specifically the State of Alabama.     These Defendants regularly conduct business in Mobile County, Alabama, and specifically sold the subject 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder ("Subject Ladder") in Mobile County, Alabama. On December 18, 2018, Richard Matthew Zirlott fell from the Subject Ladder and died as a result of the dangerous and defective conditions of the Subject Ladder as described in this Complaint.

4.     Defendant Southern Gas and Supply, Inc., is an Alabama Corporation whose principal place of business is in Mobile County, Alabama, and who was at all times pertinent hereto regularly conducting business in Mobile County, Alabama.   Upon information and belief, Defendant Southern Gas and Supply, Inc. contracted with Defendant DiscountRamps.com LLC and/or HD Ramps, LLC to purchase and supply the Subject Ladder in Mobile County, Alabama,

and ultimately sold the Subject Ladder to Metals USA in Mobile County, Alabama.   Upon information and belief, Southern Gas and Supply, Inc. is in the business of supplying commercial products such as the Subject Ladder, knew the Subject Ladder was intended to be used on the rub rail of flatbed trailers, and knew or should have known that the marketing, packaging, warnings, and/or design of the ladder was unreasonably dangerous.

5.     Defendant Cypress Employment Services, LLC, is an Alabama Corporation with its principal place of business in Mobile County, Alabama.

6.     Defendant Metals USA is a foreign corporation doing business at all times material hereto in Mobile County, Alabama, including at the premises where this incident occurred at 1251 Woodland Avenue, Mobile, Alabama.

7.     Fictitious Defendants 1-10 are individuals, partnerships, corporations, companies, or other legal entities that designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce that certain 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder in its defective and/or unreasonably dangerous condition hereinafter described in this Complaint.  Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time, or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

8.     Fictitious Defendants 11-20 are individuals, partnerships, corporations, companies, or other legal entities that designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce that certain 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder (and/or its component parts) and thereby impliedly warranted that it was merchantable and/or fit for the purposes for which it was designed.  Plaintiff states that the

4

identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time, or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

9.      Fictitious Defendants 21-30 are individuals, partnerships, corporations, companies, or other legal entities that negligently and/or wantonly designed, manufactured, assembled, inspected, tested, packaged, labeled, failed to provide adequate warnings for, sold, installed, repaired and/or maintained that certain 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder (and/or its component parts) hereinafter described in this Complaint.  Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time, or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

10.      Fictitious Defendants 31-40 are individuals, partnerships, corporations, companies, or other legal entities that suppressed, concealed, failed to disclose, and/or to warn Plaintiff and his decedent that the 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder hereinafter described in this Complaint was defective and/or unreasonably dangerous in that it was unstable and could not remain on the trailer rub rail during foreseeable uses.  Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time, or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

11.      Fictitious Defendants 41-50 are the individuals, partnerships, corporations, companies, or other legal entities that engaged in spoliation of material evidence. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time, or, if the true names are known to Plaintiff, their identities as proper party defendants are not

known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

12.     Fictitious Defendants 51-60 are the individuals, partnerships, corporations, companies, or other legal entities who engaged in outrageous conduct and/or intentional infliction of emotion distress. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time, or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

13.     Fictitious Defendants 61-70 are the persons, firms, corporations or other entity, whose negligence, wantonness, or other tortious conduct caused the death of Plaintiff's decedent, Richard Matthew Zirlott. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time, or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

## II.     **JURISDICTION**

14.     The Court has personal jurisdiction over DiscountRamps.com, LLC, and HDR because at all times mentioned herein, up to and including the filing of this Complaint, it designed, manufactured, distributed, marketed, sold and still sells, distributes and markets its manufactured products, including 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder and related products, in Mobile County, Alabama and in the State of Alabama.  In addition, the subject 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder was sold in Mobile County, Alabama, for use at Metals USA in Mobile County, Alabama, and the subject incident occurred in Mobile County, Alabama.

15.     DiscountRamps.com, LLC and HDR directly engage in business and directly sell products in Alabama via authorized dealers, including, Southland Trailers, located in Birmingham, Alabama.

16.     Defendant DiscountRamps.com, LLC, and HDR directly engage in business and directly market their products on a continuous and frequent basis in Alabama.

17.     The Court has personal jurisdiction over Southern Gas and Supply, Inc. because it is an Alabama Corporation with its principal place of business in Mobile County, Alabama and at all times mentioned herein it operates its business and performs services in the State of Alabama, and in Mobile County, Alabama.

18.     The Court has personal jurisdiction over Cypress Employment Services, LLC, because it is an Alabama Corporation with its principal place of business in Mobile County, Alabama, and at all times mentioned herein it operates its business and performs services in the State of Alabama, and in Mobile County, Alabama.

19.     This Court has personal jurisdiction over Metals USA because it operates its business and performs services in the State of Alabama and in Mobile County, Alabama. Metals USA owns and operates the Metals USA facility where the incident occurred in Mobile County, Alabama, regularly engages and is engaged in business in Mobile County, Alabama, purchased the Subject Ladder involved in the incident in Mobile County, Alabama, and holds itself out to the public as operating a "plates and shapes" facility in Mobile County, Alabama, on its website.


### III.     **FACTUAL ALLEGATIONS**


20.     On December 18, 2018, Richard Matthew Zirlott was killed in Mobile County, Alabama when the Subject Ladder failed during a foreseeable use occurring when Richard

Matthew Zirlott was descending from a trailer flat bed, causing Richard Matthew Zirlott to fall over 6 feet and suffer catastrophic injuries.

21.     The incident occurred at the premises of Metals USA located at 1251 Woodland Avenue, Mobile, Alabama.

22.     Immediately prior to the fall, Mr. Zirlott had been unloading steel from the bed of a trailer. The Subject Ladder had been hooked to the trailer rub rail.

23.     The Subject Ladder includes a ladder portion of two rub rail mounting members with hand rails attached to each rub rail mounting member. Each rub rail mounting member includes a rail slot that is U-shaped and depicted below:





24.     The Subject Ladder did not include a lock through opening and fastener in the bottom of the rail slot that would have secured the ladder to the rub rail. The lack of a through opening and fastener contributed to the instability of the Subject Ladder and allowed the ladder to disengage from the rub rail during a foreseeable use, thereby leading to the death of Mr. Zirlott.

25.     HD Ramps manufactures and sells 48", 60",  and 72" Trailer Rub Rail Portable Ladders whose design includes a lock through opening and a fastener on the bottom of the rub rail mounting member. A picture of a 48" Trailer Rub Rail Portable Ladder manufactured and sold by HD Ramps with a through opening and fastener is depicted below:

DOCUMENT 2



26.    The patent for the Trailer Rub Rail Portable Ladder states as follows regarding the means of securing the ladder to the rub rail:

In use, the rail slots of the two rub rail mounting members are engaged with a rub rail of a truck trailer. It is preferable to insert a fastener of a bolt or a lock through the lock through opening of at least one of the rub rail mounting members to secure the rub rail ladder to the truck.

See, Patent, Exhibit A.

27.    The U-shaped hook of the Subject Ladder mounting member did not include through openings and thus could not be securely fastened to the rub rail. Further, the U-shaped hooks of the subject mounting members were shorter than comparable hooks on other comparable ladders, including the 48" and 72" ladders, thereby adding to the instability of the Subject Ladder.

28.    Mr. Zirlott was employed by Cypress Employment Services, LLC, and was assigned to work at Metals USA.

29.     Upon information and belief, Metals USA purchased the Subject Ladder from Defendant Southern Gas and Supply, Inc., following a request to Southern Gas to obtain the Subject Ladder. The Subject Ladder was shipped by DiscountRamps.com, LLC to Southern Gas and Supply, Inc. in Theodore, Mobile County, Alabama.

30.     Upon information and belief, the package for the Subject Ladder did not contain any owner's manual, warnings manuals, instruction manuals, or any other similar documents informing the end users of the safe manner to install, secure, and use the Subject Ladder during foreseeable uses of the Subject Ladder.

## IV.     CAUSES OF ACTION

### COUNT I (AEMLD – DESIGN DEFECT AND MANUFACTURING DEFECT)

31.     Plaintiff reasserts the allegations in paragraphs 1-30 and incorporates the same by reference herein.

32.     At all material times mentioned herein, Defendants DiscountRamps.com, LLC, and HD Ramps, LLC, a subsidiary of DiscountRamps.com, LLC, Southern Gas and Supply, Inc., and Fictitious Defendants 1-20 were engaged in the business of designing, manufacturing, marketing, selling, distributing, retailing, supplying, or otherwise placing in the stream of commerce in Mobile County, Alabama, ladders and other accessory items, including the Subject Ladder.

33.     Defendants DiscountRamps.com, LLC, and HD Ramps, LLC, a subsidiary of DiscountRamps.com, LLC, Southern Gas and Supply, Inc., and Fictitious Defendants 1-20 designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce in Mobile County, Alabama, that certain 60" Trailer Rub Rail Portable Ladder at issue in this civil action.

34.    Plaintiff expressly alleges that, to the extent any Defendant is deemed or found to be a distributor of the Subject Ladder, such Defendant was not merely a conduit of the product, but rather committed independent acts or omissions that either were causally related to the product's defective or unreasonably dangerous condition or were substantial factors in causing the death of Plaintiff's decedent, including but not limited to improperly marketing, packaging, failing to include instructions and/or warnings, assembling, selling, testing, inspecting, installing, maintaining and/or repairing the product.

35.    The Subject Ladder reached Metals USA and ultimately Mr. Zirlott, the ultimate users, or consumers of the product, without any substantial change in its condition from the time it was designed, manufactured, marketed, sold, distributed, retailed, supplied, or otherwise placed in the stream of commerce by Defendants and/or 1-20.

36.    When it reached Metals USA and Mr. Zirlott, the Subject Ladder was in a defective condition and/or in a condition that was unreasonably dangerous for its intended and foreseeable uses because the Subject Ladder was designed without a fastener or pin or lock or other securing member to secure the opening of the rub rail mounting members to the rub rail thereby rendering the Subject Ladder dangerous and unstable, a defective condition made worse and more dangerous by the shortened rub rail mounting members utilized on the 60" Subject Ladder design but not on the 48" and 72" designs.

37.    At all times material hereto, the Subject Ladder and its component parts were in a defective and unreasonably dangerous condition because of the following acts and omissions:

   a.    Failure to design the Subject Ladder with sufficient stability to
         prevent failure during foreseeable use;

b.   Failure to design the Subject Ladder so that it remained secure during foreseeable loading forces occurring during ascent and descent.

c.   Failure to include safety features such as a locking pin, lock, or other securing member which was part of the design in the patent for the Subject Ladder, and which was part of the design of similar ladders manufactured and sold by DiscountRamps.com, LLC;

d.   Shortening the opening of the rub rail mounting members thereby increasing the instability of the Subject Ladder;

e.   Alternatively, the failure of the Subject Ladder to include a locking pin, lock, or other securing device and/or shortening the rub rail mounting members and/or fail to include holes in the rub rail mounting members to secure same was a manufacturing defect;

f.   Failure to warn of the instability of the Subject Ladder during foreseeable use and including a strap warning with no application to the product, because it includes no straps.

38.   Safer alternative designs existed and were feasible at the time of the subject accident, including the through hole and locking pin, which was part of the design in the patent.

39.   While being put to a foreseeable and intended use by Mr. Zirlott on or about December 18, 2018, the Subject Ladder failed, and Mr. Zirlott died as a proximate result.

40.     As a proximate result of the Subject Ladder's defective and/or unreasonably dangerous condition, Mr. Zirlott suffered catastrophic injuries from which he died.

WHEREFORE, Plaintiff Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and as Dependent Spouse of Richard Matthew Zirlott, demands punitive damages from Defendants DiscountRamps.com, LLC, HDR, Southern Gas and Supply, Inc., and Fictitious Defendants in an amount in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

### COUNT II (AEMLD – FAILURE TO WARN)

41.     Plaintiff reasserts the allegations in paragraphs 1-40 and incorporates the same by reference herein.

42.     Defendants HD Ramps, DiscountRamps.com, Southern Gas and Supply, Inc., and Fictitious Defendants 1-20 knew or reasonably should have known that the Subject Ladder posed an unreasonably dangerous risk of catastrophic injury and/or death to users of the Subject Ladder.

43.     Defendants HD Ramps, DiscountRamps.com, and Southern Gas and Supply, Inc., and Fictitious Defendants 1-20 knew or reasonably should have known about the unreasonably dangerous condition posed by the inability to secure the mounting member to the rub rail and did not give an adequate warning to persons reasonably likely to be injured by the product.  Defendants HD Ramps, DiscountRamps.com, and Southern Gas and Supply, Inc., and Fictitious Defendants 1-20 knew or reasonably should have known the failure to provide any instructions or warnings addressing the installation and securing of the Subject Ladder to a flat bed trailer rendering the Subject Ladder unreasonably dangerous and knew or should have known including a warning sticker on the Subject Ladder referencing the use of straps that do not exist rendered the Subject Ladder unreasonably dangerous.

44.     As a proximate result of Defendants HD Ramps, DiscountRamps.com, LLC, and HD Ramps, LLC, a subsidiary of DiscountRamps.com, LLC, Southern Gas and Supply, Inc., and 1-20's failure to warn, Mr. Zirlott suffered catastrophic injuries from which he died.

WHEREFORE, Plaintiff Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and as Dependent Spouse of Richard Matthew Zirlott, demands punitive damages from Defendants DiscountRamps.com, LLC, HDR, Southern Gas and Supply, Inc., and Fictitious Defendants in an amount in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

## COUNT III (NEGLIGENCE)

45.     Plaintiff reasserts the allegations in paragraphs 1-44 and incorporates the same by reference herein.

46.     At all material times described herein, Defendants DiscountRamps.com, LLC, and HD Ramps, LLC, a subsidiary of DiscountRamps.com, LLC, Southern Gas and Supply, Inc., and 1-40 were engaged in the business of designing, manufacturing, marketing, packaging, selling, distributing, retailing, supplying, inspecting, servicing, repairing, and/or maintaining the Subject Ladder and related products for the purpose of using the Subject Ladder on trailer rub rails.

47.     Defendants designed, manufactured, marketed, sold, distributed, packaged, retailed, supplied, inspected, serviced, repaired, and/or maintained the Subject Ladder at issue in this civil action.

48.     Plaintiff expressly alleges that, to the extent any Defendant is deemed or found to be a distributor of the Subject Ladder, such Defendant was not merely a conduit of the product, but rather committed independent acts or omissions that either were causally related to the product's defective or unreasonably dangerous condition or were substantial factors in causing the

death of Plaintiff's decedent, including but not limited to, improperly marketing, packaging, failing to include instructions and/or warnings, assembling, selling, testing, inspecting, installing, maintaining and/or repairing the product.

49.    On or about December 18, 2018, the Subject Ladder failed to perform or operate in its intended manner in that it failed during a foreseeable use, causing Mr. Zirlott to fall and suffer catastrophic injuries causing his death.

50.    The failure of the Subject Ladder to perform or operate in its intended manner was caused by the negligence of one or more of the Defendants, or by the combined and concurring negligence of two or more or all of the Defendants in one or more of the following respects:

     a.     Negligently designing the Subject Ladder;

     b.     Negligently manufacturing the Subject Ladder;

     c.     Negligently assembling the Subject Ladder;

     d.     Negligently inspecting the Subject Ladder;

     e.     Negligently testing the Subject Ladder;

     f.     Negligently packaging the Subject Ladder;

     g.     Negligently labeling the Subject Ladder;

     h.     Negligently selling the Subject Ladder; and

     i.     Negligently failing to include any instructions or warnings about use of the Subject Ladder and/or negligently failing to include instructions or warnings in the packaging sent to Metals USA in Mobile County, Alabama.

51.    As a proximate result of the Defendants' negligence, Mr. Zirlott suffered catastrophic injuries from which he died.

WHEREFORE, Plaintiff Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and as Dependent Spouse of Richard Matthew Zirlott, demands punitive

damages from Defendants DiscountRamps.com, LLC, HDR, Southern Gas and Supply, Inc., and Fictitious Defendants 1-40, 60-70, in an amount in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

## COUNT IV (WANTONNESS)

52.      Plaintiff reasserts the allegations in paragraphs 1-51 and incorporates the same by reference herein.

53.      At all material times described herein, Defendants HD Ramps, DiscountRamps.com, LLC, and HD Ramps, LLC, a subsidiary of DiscountRamps.com, LLC, Southern Gas and Supply, Inc., and 1-40 were engaged in the business of designing, manufacturing, marketing, packaging, selling, distributing, retailing, supplying, inspecting, servicing, repairing, and/or maintaining the Subject Ladder and related products for the purpose of using the Subject Ladder on trailer rub rails.

54.      Defendants designed, manufactured, marketed, sold, distributed, packaged, retailed, supplied, inspected, serviced, repaired, and/or maintained the Subject Ladder at issue in this civil action.

55.      Plaintiff expressly alleges that, to the extent any Defendant is deemed or found to be a distributor of the Subject Ladder, such Defendant was not merely a conduit of the product, but rather committed independent acts or omissions that either were causally related to the product's defective or unreasonably dangerous condition or were substantial factors in causing the death of Plaintiff's decedent, including but not limited to, improperly marketing, packaging, failing to include instructions and/or warnings, assembling, selling, testing, inspecting, installing, maintaining and/or repairing the product.

56.     On or about December 18, 2018, the Subject Ladder failed to perform or operate in its intended manner in that it failed during a foreseeable use, causing Mr. Zirlott to fall and suffer catastrophic injury.

57.     The failure of the Subject Ladder to perform or operate in its intended manner was caused by the wantonness of one or more of the Defendants, or by the combined and concurring wantonness of two or more or all of the Defendants in one or more of the following respects:

a.      Wantonly designing the Subject Ladder;

b.      Wantonly manufacturing the Subject Ladder;

c.      Wantonly assembling the Subject Ladder;

d.      Wantonly inspecting the Subject Ladder;

e.      Wantonly testing the Subject Ladder;

f.      Wantonly packaging the Subject Ladder;

g.      Wantonly labeling the Subject Ladder;

h.      Wantonly selling the Subject Ladder; and

i.      Wantonly failing to include any instructions or warnings about use of the Subject Ladder and/or negligently failing to include instructions or warnings in the packaging sent Metals USA in Mobile County, Alabama.

58.     As a proximate result of the Defendants' wantonness, Mr. Zirlott suffered catastrophic injuries causing his death.

WHEREFORE, Plaintiff Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and as Dependent Spouse of Richard Matthew Zirlott, demands punitive damages from Defendants DiscountRamps.com, LLC, HDR, Southern Gas and Supply, Inc., and Fictitious Defendants 1-40, 60-70, in an amount in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

## COUNT VI (OUTRAGE)

59.     Plaintiff, Regina Zirlott, in her individual capacity, reasserts the allegations in paragraphs 1-58 and incorporates the same by reference herein.

60.     Defendants Cypress Employment Services, Inc., Metals USA, and 51-60 engaged in outrageous conduct immediately following the fall of Mr. Zirlott.  Said Defendants failed to inform Plaintiff Regina Zirlott of the accident, failed to inform her that Mr. Zirlott's injuries were life-threatening, failed to inform her that Mr. Zirlott had been taken to the hospital, failed to inform the hospital of Mr. Zirlott's actual name, and failed to inform her that Mr. Zirlott was dying until it was too late. Ultimately, Mrs. Zirlott found her husband, already expired, admitted to the hospital under an alias name. At no time did Cypress, Metals USA, and/or Fictitious Defendants 51-60 inform Mrs. Zirlott of the fall, the fact Mr. Zirlott was grievously injured, the fact he was being transported to the hospital from Metals USA, the fact he was admitted to the hospital, the fact he was admitted to the hospital, the fact that he died, or the fact that he died as "Eighty-Two Stat Jupiter," an alias name. Defendants' conduct is outrageous in character and so extreme as to go beyond all possible bounds of decency and is atrocious and utterly intolerable in a civilized society. As a proximate result, Mrs. Zirlott suffered extreme mental anguish, had to conduct a personal search for her husband in the middle of the night, only to find him already deceased at the hospital with Metals USA and Cypress already there. Mrs. Zirlott suffered and continues to suffer extreme mental anguish over from Defendants' egregious conduct, lost the opportunity to be with her husband in the last moments of his life, lost the opportunity to make decisions regarding the last moments of his life, and is haunted by the memory of searching for him only to find him already deceased as Mr. "Eighty-Two Stat Jupiter" with Cypress and Metals USA looking on.

61.    As a result of the Defendants' outrageous conduct, the Plaintiff has suffered extreme and severe mental anguish far behind the mental anguish naturally suffered from losing her husband.

WHEREFORE, Plaintiff Regina Zirlott, individually, demands compensatory and punitive damages from Defendants Cypress Employment Services, Inc., Metals USA, 51-60, plus interest and costs.

## COUNT VII (WORKER'S COMPENSATION)

62.    On or about December 18, 2018, Richard Matthew Zirlott, while working within the line and scope of his employment with Defendant, Cypress Employment Services, Inc., was grievously injured when he fell off of flatbed on the premises of USA Metals.

63.    Defendant Cypress Employment Services, Inc., received prompt actual notice of the injury.

64.    Defendant Cypress Employment Services, Inc., was subject to the Worker's Compensation laws of the State of Alabama at the time of said work related accident.

65.    Plaintiff Regina Zirlott is the widow and dependent spouse of Richard Matthew Zirlott and was wholly dependent upon him at the time of and during the 52-week period of time immediately prior to his death pursuant to Ala.Code §25-5-61(1) (1975).

66.    The average weekly wage of Richard Matthew Zirlott for the 52-week period of time prior to his death was approximately $700.00.

67.    Plaintiff Regina Zirlott, as the wholly supported spouse of Richard Matthew Zirlott at the time of his death, is entitled to worker's compensation benefits pursuant to the provisions of §25-5-60, et. seq., of the Code of Alabama, in an amount equal to 66 2/3 average weekly wage of Richard Matthew Zirlott for a period of not more than 500 weeks.

20

DOCUMENT 2

WHEREFORE, Plaintiff Regina Zirlott, as personal representative of the Estate of Richard Matthew Zirlott, pray this Court will take jurisdiction over this matter, that notice be given to Defendant Cypress Employment Services, Inc., and a hearing be held, all in accordance with the Laws of the State of Alabama and the rules of this Honorable Court. The Plaintiff further prays that, upon such hearing, the Court will enter an Order awarding worker's compensation death benefits against the Defendant, Cypress Employment Services, Inc., as provided by law, and for such other, and different relief to which she may be entitled, the premises considered.



REGINA ZIRLOTT, as Personal Representative of
the Estate of Richard Matthew Zirlott, Dec'd; Regina
Zirlott Individually and as Dependent Spouse of
Richard Matthew Zirlott, Dec'd

STATE OF ALABAMA)

COUNTY OF MOBILE)

    Before me the undersigned Notary Public in and for said State and County personally
appeared REGINA ZIRLOTT, who, being known to me and by me first duly sworn, deposes and
says that the facts stated in the foregoing pleading are true and correct.

Sworn to and subscribed before me on this ___29th___ day of ___March___, 2019.

MURRIAH D. BARNETTE
My Commission Expires
May 10, 2020

NOTARY PUBLIC
My Commission Expires: ___5/10/20___


ATTORNEYS FOR PLAINTIFF

___/s Desmond V. Tobias___
DESMOND V. TOBIAS (TOB002)
desi@tmclawyers.com
JASON S. McCORMICK (MCC118)
jason@tmclawyers.com
BRYAN E. COMER (COM015)
bryan@tmclawyers.com
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:    (251) 432-5001
Facsimile:    (251) 432-0714


    Plaintiff respectfully demands a trial by jury.

___/s Desmond V. Tobias___
DESMOND V. TOBIAS

DOCUMENT 2

Defendants may be served by certified mail at the following addresses:

DiscountRamps.com, LLC
c/o Gerald W. Ziegler, Registered Agent
760 S. Indiana Avenue
West Bend, WI 53095-4050

HD Ramps, LLC
c/o Gerald W. Ziegler, Registered Agent
760 S. Indiana Avenue
West Bend, WI 53095-4050

Southern Gas and Supply, Inc.
c/o Kevin Kennedy, Registered Agent
5500 East Rite Road
Theodore, AL 36582-1628

Cypress Employment Services, LLC
c/o Christopher M. Gill, Registered Agent
104 Saint Francis Street, Suite 300
Mobile, AL 36602

Metals USA Plates and Shapes, Inc.
c/o CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104



ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK
US0086

(12) **United States Patent**
Beilstein

(10) Patent No.: **US 8,640,826 B1**
(45) Date of Patent: **Feb. 4, 2014**

(54) **TRAILER RUB RAIL PORTABLE LADDER**

(76) Inventor: **Richard R. Beilstein**, Cedarburg, WI (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 84 days.

(21) Appl. No.: **13/328,077**

(22) Filed: **Dec. 16, 2011**

(51) Int. Cl.
*E06C 1/00* (2006.01)

(52) U.S. Cl.
USPC ............ **182/127**; 182/106; 182/206; 114/362

(58) Field of Classification Search
USPC ................ 182/97, 106, 127, 206, 64.1, 68.1; 280/163; 114/362
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,973,646 | A | * | 8/1976 | Martinez ...................... 182/97 |
| 4,017,093 | A | * | 4/1977 | Stecker, Sr. .................. 280/163 |
| 4,153,137 | A | * | 5/1979 | Johnson ........................ 182/97 |
| 4,199,041 | A | * | 4/1980 | Gutner ......................... 182/206 |
| 4,798,262 | A | * | 1/1989 | Margolies .................... 182/106 |
| 4,819,296 | A | * | 4/1989 | Wilkins ........................ 16/82 |
| 4,823,910 | A | * | 4/1989 | Day .............................. 182/84 |
| 5,024,292 | A | | 6/1991 | Gilbreath et al. |
| 5,213,367 | A | * | 5/1993 | Norman et al. ............... 280/837 |
| 5,687,813 | A | | 11/1997 | Bensch |
| 5,887,540 | A | * | 3/1999 | Krish, Jr. .................... 114/362 |
| 5,941,342 | A | * | 8/1999 | Lee .............................. 182/95 |
| 5,964,317 | A | * | 10/1999 | Lattavo ....................... 182/127 |
| 6,003,633 | A | * | 12/1999 | Rolson ......................... 182/127 |
| 6,290,113 | B1 | * | 9/2001 | Plyler ......................... 224/315 |
| 6,505,708 | B2 | * | 1/2003 | LaBrash ...................... 182/127 |
| 6,578,666 | B1 | | 6/2003 | Miller |
| 6,866,117 | B2 | * | 3/2005 | Moss ............................ 182/23 |
| 6,905,153 | B2 | * | 6/2005 | Murray et al. ............... 293/115 |
| 7,516,997 | B2 | * | 4/2009 | Kuznarik et al. ............. 296/62 |
| 8,104,577 | B1 | * | 1/2012 | Reed ............................ 182/127 |
| 8,474,576 | B2 | * | 7/2013 | Renish ......................... 182/129 |
| 2003/0188923 | A1 | * | 10/2003 | Moss ............................ 182/23 |
| 2004/0129497 | A1 | * | 7/2004 | Weiss ........................... 182/163 |
| 2005/0092800 | A1 | * | 5/2005 | Wilson ......................... 224/513 |
| 2005/0121260 | A1 | * | 6/2005 | Leng ............................ 182/156 |
| 2005/0173191 | A1 | * | 8/2005 | Linzmayer .................... 182/127 |
| 2005/0211502 | A1 | * | 9/2005 | LaBrash ...................... 182/127 |
| 2010/0089698 | A1 | * | 4/2010 | Brodsack ...................... 182/127 |
| 2010/0096215 | A1 | * | 4/2010 | McFarlane ................... 182/106 |

* cited by examiner

Primary Examiner — Katherine Mitchell
Assistant Examiner — Daniel Cahn
(74) Attorney, Agent, or Firm — Donald J. Ersler

(57) **ABSTRACT**

A trailer rub rail portable ladder includes a ladder portion and two rub rail mounting members. One end of a hand rail may be attached to each rub rail mounting member. The ladder portion preferably includes two ladder side rails, a plurality of step members and two ladder hinge members. The plurality of step members are retained between the two ladder side rails. The ladder hinge member is attached to one end of the ladder side rail. Each rub rail mounting member includes a rail slot and a pivot hole. A pivot pin is inserted through each ladder hinge member and each rub rail mounting member to pivotally retain thereof relative to each other. The rub rail slots of the two rub rail mounting members are engaged with a rub rail of a truck trailer.

**13 Claims, 7 Drawing Sheets**



**EXHIBIT A**



FIG. 1

**U.S. Patent**   Feb. 4, 2014   Sheet 2 of 7   US 8,640,826 B1



FIG. 1a



FIG. 2



FIG. 2a



FIG. 3



FIG. 4

FIG. 5





FIG. 6

US 8,640,826 B1

| 1 | 2 |

# TRAILER RUB RAIL PORTABLE LADDER

## BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates generally to truck trailers and more specifically to a trailer rub rail portable ladder, which may be removably secured to the rub rail of a truck trailer.

2. Discussion of the Prior Art

U.S. Pat. No. 4,199,041 to Gunter discloses a bunk bed-ladder arrangement. U.S. Pat. No. 5,024,292 to Gilbreath et al. discloses a portable ladder assembly for truck trailers. U.S. Pat. No. 5,687,813 to Bensch discloses a vehicle boarding device. U.S. Pat. No. 6,578,666 to Miller discloses a portable safety ladder assembly for a truck trailer.

Accordingly, there is a clearly felt need in the art for a trailer rub rail portable ladder, which may be removably secured to the rub rail of a truck trailer with a locking device or the like.

## SUMMARY OF THE INVENTION

The present invention provides a trailer rub rail portable ladder, which may be removably secured to the rub rail of a truck trailer. The trailer rub rail portable ladder (rub rail ladder) includes a ladder portion and two rub rail mounting members. One end of a hand rail may be attached to each rub rail mounting member. The ladder portion preferably includes two ladder side rails, a plurality of step members and two ladder hinge members. One end of each step member is attached to one of the two ladder side rails and the other end of each step member is attached to the other one of the two ladder side rails. The ladder hinge member is attached to one end of the ladder side rail. The ladder hinge member includes a through opening. A fastener is retained in the through opening and preferably extends from the ladder hinge member.

Each rub rail mounting member preferably includes a rail slot, a pivot hole and a lock through opening. The rail slot is formed in one end of the rub rail mounting member and a hand rail slot may be formed in an opposing end of the rub mail mounting member. The hand rail slot preferably has a substantial V-shape. The fastener retained in each ladder hinge member is inserted through the pivot hole of the rub rail mounting member. The rub rail mounting member is preferably pivotally retained on the ladder side rail with a nut. One end of the hand rail is shaped to be received by the hand rail slot. The hand rail is preferably attached to the rub rail mounting member with welding.

In use, the rail slots of the two rub rail mounting members are engaged with a rub rail of a truck trailer. It is preferable to insert a fastener or a bolt of a lock through the lock through opening of at least one of the rub rail mounting members to secure the rub rail ladder to the truck trailer.

Accordingly, it is an object of the present invention to provide a rub rail ladder, which may be removably secured to the rub rail of a truck trailer with a locking device or the like.

These and additional objects, advantages, features and benefits of the present invention will become apparent from the following specification.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a perspective view of a rub rail ladder in accordance with the present invention.

FIG. 1a is a perspective view of a rub rail ladder with wheels retained on a bottom of a ladder portion in accordance with the present invention.

FIG. 2 is a perspective view of a rub rail ladder attached to a rub rail of a truck trailer in accordance with the present invention.

FIG. 2a is a perspective view of a rub rail ladder with wheels retained on a bottom of a ladder portion and the rub rail ladder attached to a rub rail of a truck trailer in accordance with the present invention.

FIG. 3 is an enlarged perspective view of a first ladder hinge member before pivotal engagement with a first rub rail mounting member of a rub rail ladder in accordance with the present invention.

FIG. 4 is an enlarged perspective view of a second ladder hinge member before pivotal engagement with a second rub rail mounting member of a rub rail ladder in accordance with the present invention.

FIG. 5 is an enlarged perspective view of a bottom end of a ladder side rail of a ladder portion with a wheel pivotally retained therein of a rub rail ladder in accordance with the present invention.

FIG. 6 is an enlarged side view of a bottom end of a ladder side rail of a ladder portion with a wheel pivotally retained therein of a rub rail ladder in accordance with the present invention.

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

With reference now to the drawings, and particularly to FIG. 1, there is shown a perspective view of a rub rail ladder 1. The rub rail ladder 1 includes a ladder portion 10 and two rub rail mounting members 12. One end of a hand rail 14 may be attached to each rub rail mounting member 12. The hand rail 14 is preferably fabricated from a rectangular tube and an opening and terminated with an end cap 15. The ladder portion 10 preferably includes two ladder side rails 16, a plurality of step members 18 and two ladder hinge members 20. The ladder side rails 16 are preferably fabricated from a rectangular tube. One end of each step member 18 is attached to one of the two ladder side rails 16 with welding or any other suitable method and the other end of each step member 18 is attached to the other one of the two ladder side rails 16 with welding or any other suitable method. Each ladder side rail 16 is preferably fabricated from an rectangular tube. Each step member 18 is preferably fabricated from an extruded rectangular tube. A plurality of lengthwise projections 22 are preferably formed on a top of each step member 18 to improve grip with footwear. The ladder hinge member 20 is attached to one end of the ladder side rail 16 with welding or any other suitable method.

With reference to FIGS. 5-6, it is preferable to pivotally attach a wheel 25 to a bottom end of each ladder side rail 16. The wheel 25 includes an axle 27 and a wheel portion 29. The wheel portion 29 is rotatably retained on the axle 27. A portion of the wheel portion 29 is preferably retained in an inner perimeter of the ladder side rail 16. Preferably, each end of the axle 27 is secured to opposing walls of the ladder side rail 16 with welding any other suitable attachment method. A welding flat 31 is preferably formed on each end of the axle 27, if welding is used for the attachment method.

With reference to FIGS. 3-4, a square through opening 24 preferably is formed through ladder hinge member 20. It is preferable to use the square through opening 24, when a carriage bolt 26 is used for as a pivot pin. A hex nut 28 is threaded on to the carriage bolt 26 to pivotally retain the ladder portion 10 relative to one of the two rub rail mounting members 12. However, the ladder portion 10 may be pivotally

US 8,640,826 B1

**3**

retained relative to the two rub rail mounting members 12 with any suitable method or device.

Each rub rail mounting member 12 includes a rail slot 30, a pivot hole 32 and a lock through opening 34. The rail slot 30 is formed in one end of the rub rail mounting member 12 and a hand rail slot 36 may be formed in an opposing end of the rub rail mounting member 12. The hand rail slot 36 preferably has a substantial V-shape. The one end of the hand rail 14 is shaped to be received by the hand rail slot 36. The hand rail 14 is preferably attached to the rub rail mounting member 12 with welding. It is preferably to reinforce the pivot hole 32 with a steel bushing 38. The rail slot 30 creates a first lock finger 40 and a second lock finger 42. The lock through opening 34 is formed through the first and second lock fingers 40, 42 and substantially perpendicular to the rail slot 30.

In use, the rail slots 30 of the two rub rail mounting members 12 are engaged with a rub rail 102 of a truck trailer 100. It is preferable to insert a lock 104 or a fastener through the lock through opening 34 of at least one of the rub rail mounting members 12 to secure the rub rail ladder 1 to the truck trailer 100. Either a bottom end of each ladder side rail 16 rests on a support surface or the wheels 25 rest on a support surface, after attachment to the rub rail 102.

While particular embodiments of the invention have been shown and described, it will be obvious to those skilled in the art that changes and modifications may be made without departing from the invention in its broader aspects, and therefore, the aim in the appended claims is to cover all such changes and modifications as fall within the true spirit and scope of the invention.

I claim:

1. A trailer rub rail portable ladder, comprising:
two rub rail mounting members, each one of said two rub rail mounting members respectively includes a rub rail slot formed in respective ends of said two rub rail mounting members and are sized to receive a rub rail of a semi-trailer, said rub rail slots respectively create first and second lock fingers, wherein a lock through opening is formed through said first and second lock fingers of said mounting members, said lock through openings are sized to receive one of a bolt of a locking device and a fastener, said one of the locking device and the fastener preventing said trailer rub rail portable ladder from being removed from the rub rail; and
one end of at least one hand rail is attached to at least one of said two rub rail mounting members; and
a ladder portion includes two ladder side rails and a plurality of step members, said plurality of step members are retained between two ladder side rails, said two ladder side rails respectively have one end which is pivotally retained relative to said rub rail mounting members, said ladder portion pivotable between a use position and a retracted position when said rub rail slots receive the rub rail, wherein a portion of said ladder portion is retained behind the rub rail when in said retracted position, all of said plurality of step members are located above the rub rail when in said retracted position, and all of said plurality of step members are located below and in front of a top surface of the rub rail when in said use position.

2. The trailer rub rail portable ladder of claim 1, further comprising:
a substantially V-shaped hand rail slot is formed in said at least one of said two rub rail mounting members to receive said one end of at least one hand rail.

**4**

3. The trailer rub rail portable ladder
said one end of at least one hand rail is one end of a first hand rail and one end of a second hand rail, and a substantially V-shaped hand rail slot is formed in each one of said two rub rail mounting members to respectively receive said ends of said first and second hand rails.

4. The trailer rub rail portable ladder of claim 1 wherein:
an opposing end of said at least one hand rail is terminated with an end cap.

5. The trailer rub rail portable ladder of claim 1, further comprising:
a ladder hinge member is attached to one end of each said ladder side rail, said two rub rail mounting members are pivotally retained relative to said two ladder hinge members.

6. The trailer rub rail portable ladder of claim 5, further comprising:
a pivot pin is used to pivotally retain one of said two ladder hinge members relative to one of said two rub rail mounting members.

7. The trailer rub rail portable ladder of claim 1 wherein:
a plurality of lengthwise projections are formed on a top of each one of said plurality of step members.

8. The trailer rub rail portable ladder of claim 1 wherein:
said two ladder side rails, said plurality of step members and said at least one hand rail are each fabricated from a tubular material.

9. The trailer rub rail portable ladder of claim 1, further comprising:
each one of said ladder side rails are fabricated from a tube, wherein each one of said ladder side rails respectively has a wheel having an axle, each of said wheels is partially inserted into a perimeter of a tubular cross section of said ladder side rails respectively, and ends of each of said axles are attached to said tubes.

10. A trailer rub rail portable ladder, comprising:
two rub rail mounting members, each one of said two rub rail mounting members respectively includes a rub rail slot formed in one end of said two rub rail mounting members, a thickness of said rub rail slots is rigidly defined;
each one of said two rub rail mounting members respectively having one end of a hand rail attached thereto, each one of said two rub rail mounting members respectively having a substantially V-shaped hand rail slot to receive said ends of said hand rails; and
a ladder portion includes two ladder side rails and a plurality of step members, said plurality of step members are retained between said two ladder side rails, said two ladder side rails respectively have one end which is pivotally retained relative to said rub rail mounting members, wherein said rub rail slots are sized to receive a rub rail of a semi-trailer, said ladder portion pivotable between a use position and a retracted position when said rub rail slots receive the rub rail, wherein a portion of said ladder portion is retained behind the rub rail when in said retracted position, all of said plurality of step members are located above the rub rail when in said retracted position, and all of said plurality of step members are located below and in front of a top surface of the rub rail when in said use position.

11. The trailer rub rail portable ladder of claim 10 wherein:
an opposing end of each of said hand rails respectively is terminated with an end cap.

12. The trailer rub rail portable ladder of claim 10, further comprising:

DOCUMENT 3

US 8,640,826 B1

5

a ladder hinge member is attached to one end of each said ladder side rail, said two rub rail mounting members are pivotally retained relative to said two ladder hinge members.

13. The trailer rub rail portable ladder of claim **12**, further comprising:

a pivot pin is used to pivotally retain one of said two ladder hinge members relative to one of said two rub rail mounting members.

\* \* \* \* \*

6

ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

REGINA ZIRLOTT, as Personal Representative of the §
Estate of RICHARD MATTHEW ZIRLOTT, §
deceased; REGINA ZIRLOTT, in her individual §
capacity and REGINA ZIRLOTT, as dependent spouse §
of RICHARD MATTHEW ZIRLOTT; §
§   **CIVIL ACTION NO.: 19-_____**
Plaintiff, §
§
§
v. §
§
DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A §
SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; §
METALS USA PLATES AND SHAPES, INC.; §
SOUTHERN GAS AND SUPPLY, INC.; CYPRESS §
EMPLOYMENT SERVICES, LLC; 1-10, whether §
singular or plural, individuals, partnerships, §
corporations, companies, or other legal entities that §
designed, manufactured, marketed, sold, distributed, §
retailed, supplied or otherwise placed in the stream of §
commerce that certain 60" "EZ Deck Step" Trailer Rub §
Rail Portable Ladder in its defective and/or §
unreasonably dangerous condition hereinafter §
described in this Complaint; 11-20, whether singular or §
plural, the individuals, partnerships, corporations, §
companies, or other legal entities that designed, §
manufactured, marketed, sold, distributed, retailed, §
supplied or otherwise placed in the stream of commerce §
that certain 60" "EZ Deck Step" Trailer Rub Rail §
Portable Ladder (and/or its component parts) and §
thereby impliedly warranted that it was merchantable §
and/or fit for the purposes for which it was designed; §
21-30, whether singular or plural, the individuals, §
partnerships, corporations, companies, or other legal §
entities that negligently and/or wantonly designed, §
manufactured, assembled, inspected, tested, packaged, §
labeled, failed to provide adequate warnings for, sold, §
installed, repaired and/or maintained that certain 60" §
"EZ Deck Step" Trailer Rub Rail Portable Ladder §
(and/or its component parts) hereinafter described in §
this Complaint; 31-40, whether singular or plural, the §
individuals, partnerships, corporations, companies, or §
other legal entities that suppressed, concealed, failed to §
disclose, and/or to warn Plaintiff and his decedent that §
the 60" "EZ Deck Step" Trailer Rub Rail Portable §

Ladder hereinafter described in this Complaint was § 
defective and/or unreasonably dangerous in that it was § 
unstable and could not remain on the trailer rub rail § 
during foreseeable uses; 41-50 are the individuals, § 
partnerships, corporations, companies, or other legal § 
entities that engaged in spoliation of material evidence; § 
51-60 are the individuals, partnerships, corporations, § 
companies, or other legal entities who engaged in § 
outrageous conduct and/or intentional infliction of § 
emotion distress; 61-70, whether singular or plural, the § 
person, firm, corporation or other entity, whose § 
negligence, wantonness, or other tortious conduct § 
caused the death of Plaintiff's decedent, Richard § 
Matthew Zirlott, all of whose true legal names and § 
identities are unknown at this time but will be § 
substituted by amendment when ascertained, §

**Defendants.**

## APPLICATION FOR EMPLOYMENT OF ATTORNEY

Comes now, Plaintiff Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, deceased; Regina Zirlott, in her individual capacity; and Regina Zirlott as dependent spouse of Richard Matthew Zirlott, and shows unto this Honorable Court that she is the Plaintiff in the above-styled suit; that Richard Matthew Zirlott, deceased, was an employee as defined in the Worker's Compensation laws of the State of Alabama, and that he suffered injuries and death as set out in the Complaint, while working in the line and scope of his employment with Cypress Employment Services, LLC, and Fictitious Parties 51-70, whose names are otherwise unknown to the Plaintiff; and that the Plaintiff prays for permission to secure the services of an attorney to represent her in said matter. She requests permission to secure the services of Desmond V. Tobias, Esquire, and the law firm of Tobias, McCormick & Comer, LLC, 1203 Dauphin Street, Mobile, Alabama 36604.

REGINA ZIRLOTT, as Personal Representative of the
Estate of Richard Matthew Zirlott, Dec'd; Regina Zirlott
Individually and as Dependent Spouse of Richard Matthew
Zirlott, Dec'd

DOCUMENT 2

ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

REGINA ZIRLOTT, as Personal Representative of the §
Estate of RICHARD MATTHEW ZIRLOTT, §
deceased; REGINA ZIRLOTT, in her individual §
capacity and REGINA ZIRLOTT, as dependent spouse §
of RICHARD MATTHEW ZIRLOTT; §
§
§    **CIVIL ACTION NO.: 19-_____**
       Plaintiff, §
§
§
       v. §
§
DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A §
SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; §
METALS USA PLATES AND SHAPES, INC.; §
SOUTHERN GAS AND SUPPLY, INC.; CYPRESS §
EMPLOYMENT SERVICES, LLC; 1-10, whether §
singular or plural, individuals, partnerships, §
corporations, companies, or other legal entities that §
designed, manufactured, marketed, sold, distributed, §
retailed, supplied or otherwise placed in the stream of §
commerce that certain 60" "EZ Deck Step" Trailer Rub §
Rail Portable Ladder in its defective and/or §
unreasonably dangerous condition hereinafter §
described in this Complaint; 11-20, whether singular or §
plural, the individuals, partnerships, corporations, §
companies, or other legal entities that designed, §
manufactured, marketed, sold, distributed, retailed, §
supplied or otherwise placed in the stream of commerce §
that certain 60" "EZ Deck Step" Trailer Rub Rail §
Portable Ladder (and/or its component parts) and §
thereby impliedly warranted that it was merchantable §
and/or fit for the purposes for which it was designed; §
21-30, whether singular or plural, the individuals, §
partnerships, corporations, companies, or other legal §
entities that negligently and/or wantonly designed, §
manufactured, assembled, inspected, tested, packaged, §
labeled, failed to provide adequate warnings for, sold, §
installed, repaired and/or maintained that certain 60" §
"EZ Deck Step" Trailer Rub Rail Portable Ladder §
(and/or its component parts) hereinafter described in §
this Complaint; 31-40, whether singular or plural, the §
individuals, partnerships, corporations, companies, or §
other legal entities that suppressed, concealed, failed to §
disclose, and/or to warn Plaintiff and his decedent that §
the 60" "EZ Deck Step" Trailer Rub Rail Portable §

Ladder hereinafter described in this Complaint was   §
defective and/or unreasonably dangerous in that it was   §
unstable and could not remain on the trailer rub rail   §
during foreseeable uses; 41-50 are the individuals,   §
partnerships, corporations, companies, or other legal   §
entities that engaged in spoliation of material evidence;   §
51-60 are the individuals, partnerships, corporations,   §
companies, or other legal entities who engaged in   §
outrageous conduct and/or intentional infliction of   §
emotion distress; 61-70, whether singular or plural, the   §
person, firm, corporation or other entity, whose   §
negligence, wantonness, or other tortious conduct   §
caused the death of Plaintiff's decedent, Richard   §
Matthew Zirlott, all of whose true legal names and   §
identities are unknown at this time but will be   §
substituted by amendment when ascertained,   §

<div align="center">

**Defendants.**

</div>

<div align="center">

**ORDER**

</div>

The foregoing having been submitted, and the Court being of the opinion that said

permission should be granted, the said Plaintiff Regina Zirlott, as Personal Representative of the

Estate of Richard Matthew Zirlott, deceased; Regina Zirlott, in her individual capacity; and Regina

Zirlott as dependent spouse of Richard Matthew Zirlott, is hereby permitted and authorized to

employ Desmond V. Tobias, Esq., and the law firm of Tobias, McCormick & Comer, LLC, to

represent her in a claim for worker's compensation death benefits arising out of an accident

allegedly sustained in the line and scope of the deceased's employment by Cypress Employment

Services, LLC, and fictitious parties 51-70, whose names are otherwise unknown to the Plaintiff.

DONE this _____ day of _____, 2019.

_____
CIRCUIT JUDGE

DOCUMENT 6

ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased; REGINA ZIRLOTT, in her individual capacity and REGINA ZIRLOTT, as dependent spouse of RICHARD MATTHEW ZIRLOTT; §§§§§§§

Plaintiff, §§§

v. §§

DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; et al. §§§§§§§§

Defendants. §§

02-CV-2019-_____

---

## INTERROGATORIES TO DEFENDANT
## DISCOUNTRAMPS.COM, LLC

---

Plaintiff in the above styled cause, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propound the following interrogatories to Defendant DiscountRamps.com, LLC, to be answered and responded to fully and completely within the time required by law:

You are reminded that under the provisions of Rule 26 you are under a duty to seasonally supplement your response with respect to any question directly addressed to: (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which they are expected to testify and the substance of their testimony.

1

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which: (a) you know that the response was incorrect when made; or (b) you know that the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff within fifteen (15) days after receipt of such information.

## DEFINITIONS AND INSTRUCTIONS

1.      Unless otherwise indicated, the use in the interrogatories of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization, and this includes, and is not limited to those entities operating under or for Defendant DiscountRamps.com, LLC.

2.      For purposes of interpreting or construing the scope of the interrogatories, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual interrogatory. This includes, without limitation, the following:

| | |
|---|---|
| a. | Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the interrogatory more inclusive; |
| b. | Construing the singular form of the word to include the plural and the plural form to include the singular; |
| c. | Construing the masculine to include the feminine and vice versa; and |
| d. | Construing the term "including" to mean including, but not limited to. |

2

DOCUMENT 6

3.     The term "person" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity. A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

4.     "Document" includes without limitation the original and all copies, including non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) or all papers, emails, electronic information created, stored, or retrieved and processed in electronic, magnetic or digital form, computer files, books, accounts, graphs, charts, photographs, electronic or videotape recordings, data, and other data compilations (including electronic data) from which information can be obtained; all notes handwritten or otherwise, memoranda, analyses, reports, studies, forecasts, work papers and minutes of meetings and all other writings, however denominated. Documents located on premises other than your premises and non-privileged documents possessed by your agents, representatives or attorneys, but in your possession, custody and control, are specifically included.

5.     The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations and any writing, documents, or notes reflecting such communications.

6.     "Identify" or "Identification," as used herein means:

(a)    when used in reference to a natural person, to state (i) the person's name, (ii) occupation and employment position, (iii) educational and professional background, (iv) present or last known residential and employment addresses, (v) telephone numbers, and (vi) the relevant facts which the person possesses;

(b)    when used in reference to an entity other than a natural person, to state (i) its full name and type of entity, (ii) present or last known address of its principal office or place of business, (iii) state and date of incorporation if a corporation, and (iv) the relevant facts which the entity possesses;

(c)    when used in reference to a document, to state (i) its date of authorship/execution and author or signatories, (ii) subject matter, (iii) all names and address of recipients, (iv) type of document (for example, letter, memorandum, telegram, chart, facsimile) and any other means of identifying it, (v) its present location and custodian, and (vi) the name and address of each person having custody or control of each copy of the document. If the document is not an original, identify the person having custody or control of the original. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it;

(d)    when used in reference to an oral communication, to state (i) the speaker, (ii) the person spoken to, (iii) the medium of the communication, (iv) any other persons who were present or in a position to hear, (v) the date, (vi) the place of communication, and (vii) the substance of such communication;

(e)    when used in reference to a written communication, identify (i) it and all documents which relate in any way to the communication, consistent with paragraph (c) above, (ii) identify all persons who have seen each such written communication, and (iii) the substance of each such written communication; and

(f)    when used in reference to a fact to: (i) state the substance of the fact, and (ii) state how, when and from whom you learned of the fact, including the identification of any document or communication from which you learned of the fact.

7.    "Plaintiff" means Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and her agents and representatives.

4

8.      "Defendant," "you" and "your" mean Defendant DiscountRamps.com, LLC, and all persons and entities described in instruction number one.

9.      "Incident" means the December 18, 2018 incident involving Richard Matthew Zirlott and Defendant's 60" EZ Deck Step Trailer Rub Rail Portable Ladder.

10.     The "Subject Ladder" means the 60" EZ Deck Step Trailer Rub Rail Portable Ladder that was involved in the Incident giving rise to this case.

## INTERROGATORIES

1.      Is your name or corporate name, as the case may be, stated correctly in the Complaint filed in this action?  If not, please state the correct name by which you may sue or be sued in a court of law.

**ANSWER**:


2.      State the name, address and relationship to you of all persons answering these interrogatories or contributing information to the answers to these interrogatories.

**ANSWER**:


3.      State your role in the design, manufacture, assembly, distributive chain, sale, repair and/or maintenance of the 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder ("Subject Ladder") and/or its component parts.  If you claim that you have had no such role, identify the person or entity that did have such role.

**ANSWER**:

5

DOCUMENT 6

4.      Please list any and all standards which pertain to the design, manufacture, assembly, repair, service, inspection and/or maintenance of the Subject Ladder or other similar EZ Deck Step Ladders, including, but not limited to, all standards promulgated by local, state or governmental agencies, bureaus, commissions or industry groups.

**ANSWER:**


5.      Please state whether any notice, warning, brochure, instruction, pamphlet or other printed material has ever been published and/or distributed which contains warnings concerning the possibility of injury resulting from the operation and/or use of the Subject Ladder or other similar EZ Deck Step Ladders. If so, please identify each publication and/or item distributed, including, but not limited to, the title and date of each such publication and/or item, who published the material and to whom the material was distributed.

**ANSWER:**


6.      Please state the dates and places where the Subject Ladder was designed, assembled, manufactured, distributed, serviced, maintained and/or inspected.

**ANSWER:**


7.      State the name, business address, business telephone number, business occupation, residence address and residence telephone number of each individual known to you, your attorneys, your insurance adjusters, or any of your agents, servants or employees who has

any knowledge concerning the allegations in the Complaint and, as to each such person so identified, state what you understand or believe to be the substance of such knowledge.

    <u>**ANSWER**</u>:

8.    Identify each and every unsafe condition or defect in the Subject Ladder as the same existed on the date of the incident made the basis of this suit.

    <u>**ANSWER**</u>:

9.    Identify the name, last known address, and telephone number of each and every person who made any complaint or criticism to you regarding the EZ Deck Step Ladder product line.

    <u>**ANSWER**</u>:

10.    Identify the name, last known address, and telephone number of each and every person who made any complaint or criticism to you regarding the risk of an EZ Deck Step Ladder product disengaging from a flatbed.

    <u>**ANSWER:**</u>

11.    Identify the person or persons with the most knowledge relating to the decision to not provide the 60" EZ Deck Step Ladder with a lock through opening and a fastener and describe said person or persons job title and role in said decision.

    <u>**ANSWER:**</u>

12.    Identify the person or persons with the most knowledge relating to the decision to shorten the length of the rub rail mounting members on the Subject Ladder and describe said person's job title and job description.

**ANSWER**:

13.    Do you contend that the act or acts of any party other than you in any way caused and/or contributed to the incident made the basis of this suit?  If so, please state the full name and last known address of such other party and describe in detail the act or acts of such other party which you contend caused and/or contributed to the incident made the basis of this suit.

**ANSWER**:

14.    State whether you contend Richard Matthew Zirlott was guilty of any negligence, carelessness, etc., which in any way contributed to his injuries and death on December 18, 2018, and, if so, describe with specificity the nature of such negligence, carelessness, etc., upon which you rely in so contending.

**ANSWER**:

15.    Please state whether you have ever been cited, criticized, reprimanded or had any action taken against you by anyone whatsoever because of alleged violations of any federal, state or local statute or regulation with regard to the design, manufacture, distribution, sale, repair or maintenance of EZ Deck Step Ladders similar to the Subject Ladder.  If so, please state the

8

details of each action, including, but not limited to, the nature of each action, by whom each action was taken, the reason for each action, and the disposition of each action.

**ANSWER**:

16.   Please state whether any other claims or lawsuits of any type or kind have been filed against you arising from the same or substantially similar allegations as those contained in Plaintiff's Complaint.  If so, please specify the following:

(a)   The identities of the parties;

(b)   The identities of the parties' attorneys (including names, addresses and telephone numbers);

(c)   The present legal status of such claim or lawsuit (e.g., in pretrial discovery, on appeal, etc.); and

(d)   Please attach a copy of the claim/complaint and your response to the claim or complaint to your answers to these interrogatories.

**ANSWER**:

17.   Are you a parent company, subsidiary, branch, division or affiliated in any way, either directly or indirectly, to another corporation or other form of business entity?   If your answer is in the affirmative, please state the following:

(a)   The name, address and telephone number of the principal place of business of each such business entity; and

(b)   Your relationship with each business entity (i.e., parent, subsidiary, branch, division, etc.).

**ANSWER**:

9

18.     Please give the name, last known address, and telephone number of all witnesses from whom any of the Defendants, or anyone acting on behalf of the Defendants, have obtained statements regarding the incident made the basis of this action.

**ANSWER:**


19.     At the time of the incident made the basis of this action, did you have liability insurance which covered the incident made the basis of Plaintiff's Complaint?  If so, please state the names and addresses of any and all insurance companies which furnished you with liability insurance coverage, the policy number and the limits of each such policy.

**ANSWER:**


20.     State the name and address of each person you expect to call as an expert witness at the trial of this matter and, for each such expert, please state the qualifications of each expert, the subject matter on which they are expected to testify and the substance of the facts and opinions to which they are expected to testify.

**ANSWER:**


21.     Describe in detail each and every adjustment, repair, modification, service and/or maintenance made on the Subject Ladder involved in the incident made the basis of this action. Include in your response the person/entity that made same and the date of each such adjustment, repair, modification, service and maintenance.

**ANSWER:**

22.     Describe the sale of the subject ladder, including the dates it was sold, shipped and delivered and to whom the sale occurred.

**ANSWER**:


23.     State why the subject ladder did not include a through opening and fastener.

**ANSWER**:


24.     Describe all materials shipped with the subject ladder, including manuals, warnings, and pamphlets, including any information on the product.

**ANSWER**:


25.     Describe any testing or engineering analysis conducted by this Defendant on the subject ladder.

**ANSWER**:


26.     Describe any information available electronically regarding the subject ladder and produce same.

**ANSWER**:


27.     List the number of products shipped to the State of Alabama by this Defendant in the past five years.

**ANSWER**:

11

28.     Identify the person with the most knowledge of drafting the warnings on the Subject Ladder.

   **ANSWER**:

                              ATTORNEYS FOR PLAINTIFF

                              _____/s Desmond V. Tobias_____
                              DESMOND V. TOBIAS (TOB002)
                              desi@tmclawyers.com
                              JASON S. McCORMICK (MCC118)
                              jason@tmclawyers.com
                              BRYAN E. COMER (COM015)
                              bryan@tmclawyers.com
                              Tobias, McCormick & Comer, LLC
                              1203 Dauphin Street
                              Mobile, Alabama 36604
                              Telephone:    (251) 432-5001
                              Facsimile:    (251) 432-0714

**TO BE SERVED WITH THE COMPLAINT.**



ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 02-CV-2019-_____ |
| DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; et al. | § § § § § § § § § | |
| Defendants. | § § § | |

## REQUEST FOR PRODUCTION TO DEFENDANT DISCOUNTRAMPS.COM, LLC

Plaintiff in the above styled cause, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, propounds the following requests for production to Defendant DiscountRamps.com, LLC, to be answered and responded to fully and completely within the time required by law. The following requests for production include all items and/or documents, whether available and/or maintained in written form, via computer technology, by electronic and/or digital means or otherwise.

### DEFINITIONS AND INSTRUCTIONS

1.      Unless otherwise indicated, the use in the requests of the name of any party, person or business organization shall specifically include all agents, employees, shareholders,

1

owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization, and this includes, and is not limited to those entities operating under or for Defendant DiscountRamps.com, LLC.

2.      For purposes of interpreting or construing the scope of the requests, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual request. This includes, without limitation, the following:

    a.    Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the Request more inclusive;

    b.    Construing the singular form of the word to include the plural and the plural form to include the singular;

    c.    Construing the masculine to include the feminine and vice versa; and

    d.    Construing the term "including" to mean including, but not limited to.

3.      The term "person" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity. A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

4.      "Document" includes without limitation the original and all copies, including non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) or all papers, emails, electronic information created, stored, or retrieved and processed in electronic, magnetic or digital form, computer files, books, accounts, graphs, charts, photographs, electronic or videotape recordings, data, and other data compilations

(including electronic data) from which information can be obtained; all notes handwritten or otherwise, memoranda, analyses, reports, studies, forecasts, work papers and minutes of meetings and all other writings, however denominated. Documents located on premises other than your premises and non-privileged documents possessed by your agents, representatives or attorneys, but in your possession, custody and control, are specifically included.

     5.    The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations and any writing, documents, or notes reflecting such communications.

     6.    "Identify" or "Identification," as used herein means:

     (a)    when used in reference to a natural person, to state (i) the person's name, (ii) occupation and employment position, (iii) educational and professional background, (iv) present or last known residential and employment addresses, (v) telephone numbers, and (vi) the relevant facts which the person possesses;

     (b)    when used in reference to an entity other than a natural person, to state (i) its full name and type of entity, (ii) present or last known address of its principal office or place of business, (iii) state and date of incorporation if a corporation, and (iv) the relevant facts which the entity possesses;

     (c)    when used in reference to a document, to state (i) its date of authorship/execution and author or signatories, (ii) subject matter, (iii) all names and address of recipients, (iv) type of document (for example, letter, memorandum, telegram, chart, facsimile) and any other means of identifying it, (v) its present location and custodian, and (vi) the name and address of each person having custody or control of each copy of the document. If the document is not an original, identify the person having custody or control of the original. If any such document was but is no longer in your

possession or subject to your control, state what disposition was made of it;

(d)   when used in reference to an oral communication, to state (i) the speaker, (ii) the person spoken to, (iii) the medium of the communication, (iv) any other persons who were present or in a position to hear, (v) the date, (vi) the place of communication, and (vii) the substance of such communication;

(e)   when used in reference to a written communication, identify (i) it and all documents which relate in any way to the communication, consistent with paragraph (c) above, (ii) identify all persons who have seen each such written communication, and (iii) the substance of each such written communication; and

(f)   when used in reference to a fact to: (i) state the substance of the fact, and (ii) state how, when and from whom you learned of the fact, including the identification of any document or communication from which you learned of the fact.

7.   "Plaintiff" means Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and her agents and representatives.

8.   "Defendant," "you" and "your" mean Defendant DiscountRamps.com, LLC, and all persons and entities described in instruction number one.

9.   "Incident" means the December 18, 2018 incident involving Richard Matthew Zirlott and Defendant's 60" EZ Deck Step Trailer Rub Rail Portable Ladder.

10.   The "Subject Ladder" means the 60" EZ Deck Step Trailer Rub Rail Portable Ladder that was involved in the Incident giving rise to this case.

## REQUESTS FOR PRODUCTION

1.   Produce all purchase and sales documents, invoices, contracts, warranty records, service records, and other documents and communications that refer to, discuss or reflect the Subject Ladder.

4

2.      Produce all advertising and promotional documents, including but not limited to literature, brochures, pamphlets, photographs, video, internet and magazine campaigns, television advertisements and catalogs provided to authorized dealers and/or potential end-consumers for the 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder from 2010-present.

3.      Produce all documents requested or obtained by You from any third-party in connection with Your efforts to discover information from third parties regarding this case, whether obtained informally through the use of authorizations provided by Plaintiff, or through formal process, subpoena, deposition on written questions or other third party discovery technique.

4.      Produce all photographs and videos that reflect any Plaintiff or the Incident.

5.      Produce all photographs, diagrams, drawings, and videos of i) the Subject Ladder or ii) the Incident scene.

6.      Produce all accident reports, investigation reports, notes of investigation, or witness statements relating to the Incident or Plaintiff.

7.      Produce all communications and documents exchanged with or obtained from any third party relating to the Incident or Plaintiff, including but not limited to, any witnesses to the Incident, parents or family members of witnesses to the Incident, Plaintiff's medical care providers, or first responders appearing at the Incident scene.

8.      Produce all documents supporting each of Your affirmative defenses.

9.      Produce all documents that reflect the patents and/or design specifications of the 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder.

10.     Produce all documents distributed to consumers, retailers or distributors that refer to, discuss, or reflect safety notices and communications or user instructions for the Subject Ladder.

11.     Produce the Owners Manuals (and supplements thereto) for the Subject Ladder for all years from the date of initial manufacture to present.

12.     Produce all internal emails, memoranda, and other documents showing what You knew about hazards regarding the 60" "EZ Deck Step Ladder," and when You knew.

13.     Produce copies of depositions of Your employees and officers from any other lawsuits filed against You arising out of falls associated with Your EZ Deck Step Ladder products.

14.     For the Subject Ladder, produce the Bill of Lading, Unit Inquiry, Purchase Order, Invoice for Original Sale, and Certificate of Origin.

15.     Produce all Engineering Change Orders and Manufacturing Documents related to the 60" EZ Deck Step Ladder.

16.     Produce all Service Bulletins applicable to the Subject Ladder.

17.     Produce all documents and communications between You and any other Defendant in this action.

18.     Produce all documents relating to Your field testing (or field testing conduct on Your behalf by third parties) of safety devices to address the risk of ladders disengaging from flatbed trucks.

19.     Produce all documents and communications addressing consumer complaints regarding the risk of an EZ Deck Step Ladder product disengaging from a flatbed.

20.     Produce all documents received by You wherein it was determined or alleged that on any of Your EZ Deck Step Ladder products disengaged from a flatbed and injured the product's user(s).

21.     Produce all marketing planning documents for the 60" EZ Deck Step Ladder.

22.     Produce the product overview for the 60" EZ Deck Step Ladder.

23.     Produce all training and instructional documents, photographs and videos provided to consumers or authorized dealers of the 60" EZ Deck Step Ladder.

24.     Produce all reports, studies, analysis, research and memoranda regarding Your marketing strategies for the 60" EZ Deck Step Ladder.

25.     Produce all draft and final post-sale warnings, recall notices, advisories, safety alerts, or similar documents prepared or issued by You, one of Your retailers, or any government agency for the 60" EZ Deck Step Ladder.

26.     Produce Your warranty agreements with Your retailers and other third parties for the 60" EZ Deck Step Ladder.

27.     Produce all product safety reviews for or relating to the 60" EZ Deck Step Ladder, whether performed by You or a third party.

28.     Produce all risk analysis, risk assessment, safety reports or memoranda for or relating to the 60" EZ Deck Step Ladder.

29.     Produce all protocols, manuals, policies, and procedures related to the following:

a.     Manufacturing and production of the 60" EZ Deck Step Ladder;

b.     Quality assurance, quality management and quality improvement, including but not limited to, testing, inspection, and failure rates of the 60" EZ Deck Step Ladder;

<div style="margin-left: 2em;">

c.    Complaints and inquiries, including but not limited to, adjustments and claim rates, from customers and employees pertaining to the 60" EZ Deck Step Ladder;

d.    Marketing and sales of the 60" EZ Deck Step Ladder; and

e.    Training pertaining to the manufacturing, production, quality assurance, management and improvement of the 60" EZ Deck Step Ladder.

</div>

30.    Produce all documents reflecting Your risk and safety analysis for the 60" EZ Deck Step Ladder.

31.    Produce Your quality assurance guidelines and protocols.

32.    Produce Your product recall guidelines, policies, and procedures.

33.    Produce all recall notices for any EZ Deck Step Ladder products.

34.    Produce Your communications with Your insurer(s) that relate to i) this lawsuit.

35.    Produce all insurance policies providing liability coverage to you, including declarations pages, which were in effect on December 18, 2018.

36.    Produce a copy of Your policies and procedures for: (a) receipt of claims, incident reports, accident reports, and warranty claims; (b) internal company communication and distribution of information concerning incident reports, accident reports, and warranty claims; (c) investigation and analysis of incident reports, accident reports, and warranty claims; (d) corrective action for design issues identified by incident reports, accident reports, and warranty claims; (e) product recalls; and (f) post sale warnings to dealers and consumers.

37.    If You contend that the Subject Ladder involved in the Incident was misused at the time of or on the day of the Incident, produce all documents supporting Your contention.

<div style="text-align: center;">8</div>

38.     Produce all reports of injuries (including Your initial summary of reports and disclosures to government agencies) to users while using the 60" EZ Deck Step Ladder.

39.     Produce all standards, codes, regulations, treatises, publications, and/or other supporting data or documents relied upon by each expert You will or may call at the trial of this action.

40.     Any and all videotapes, videos and records depicting Mr. Zirlott and/or the scene of the accident for the 48-hour period of December 17 and December 18, 2018.

41.     All documents evidencing the purchase of any materials from Southern Gas and Supply, Inc., and/or DiscountRamps.com, LLC.

42.     Any and all statements or other communications between this Defendant and any other regulatory entity, including OSHA.

43.     Any and all documents or other communication in any way related to any investigation conducted into the incident made the basis of this case, and any investigation conducted by OSHA.

44.     Any and all file materials pertaining to Richard Matthew Zirlott.

45.     All materials and documents pertaining to any contractor agreement between this Defendant and Cypress Employment Services, LLC.

46.     Any and all communications between this Defendant and Cypress Employment Services, LLC, related to Richard Matthew Zirlott.

47.     Any and all communications between this Defendant and any person employed with Metals USA relating to the death of Richard Matthew Zirlott.

48.     Any documents, receipts, or other materials related to the purchase of the subject ladder.

9

49.     All employee manuals, training manuals, policies and procedures relating in any way to Richard Matthew Zirlott.

50.     All emails, text messages, or any other form of communication between employees of this Defendant pertaining to Richard Matthew Zirlott.

51.     Any and all documents you contend support your responses to the Interrogatories.

52.     Produce a privilege log identifying any documents withheld on the basis of privilege.

ATTORNEYS FOR PLAINTIFF

_/s  Desmond V. Tobias_
DESMOND V. TOBIAS (TOB002)
desi@tmclawyers.com
JASON S. McCORMICK (MCC118)
jason@tmclawyers.com
BRYAN E. COMER (COM015)
bryan@tmclawyers.com
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:     (251) 432-5001
Facsimile:     (251) 432-0714

**TO BE SERVED WITH THE COMPLAINT.**

ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased; REGINA ZIRLOTT, in her individual capacity and REGINA ZIRLOTT, as dependent spouse of RICHARD MATTHEW ZIRLOTT; | § § § § § § § | |
| | § | 02-CV-2019-_____ |
| Plaintiff, | § § | |
| | § | |
| v. | § | |
| | § | |
| DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; et al. | § § § § § § § § | |
| | § | |
| Defendants. | § | |

---

## INTERROGATORIES TO DEFENDANT
## HD RAMPS, LLC

---

Plaintiff in the above styled cause, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propound the following interrogatories to Defendant HD Ramps, LLC, a subsidiary of DiscountRamps, LLC, ("HD Ramps") to be answered and responded to fully and completely within the time required by law:

You are reminded that under the provisions of Rule 26 you are under a duty to seasonably supplement your response with respect to any question directly addressed to: (a) the identity and location of persons having knowledge of discoverable matters; and  (b) the identity of each

person expected to be called as an expert witness at trial, the subject matter on which they are expected to testify and the substance of their testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which:  (a) you know that the response was incorrect when made; or  (b) you know that the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff within fifteen (15) days after receipt of such information.

## DEFINITIONS AND INSTRUCTIONS

1.      Unless otherwise indicated, the use in the interrogatories of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization, and this includes, and is not limited to those entities operating under or for Defendant HD Ramps, LLC.

2.      For purposes of interpreting or construing the scope of the interrogatories, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual interrogatory. This includes, without limitation, the following:

      a.      Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the interrogatory more inclusive;

      b.      Construing the singular form of the word to include the plural and the plural form to include the singular;

2

    c.    Construing the masculine to include the feminine and vice versa; and

    d.    Construing the term "including" to mean including, but not limited to.

3.    The term "person" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity. A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

4.    "Document" includes without limitation the original and all copies, including non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) or all papers, emails, electronic information created, stored, or retrieved and processed in electronic, magnetic or digital form, computer files, books, accounts, graphs, charts, photographs, electronic or videotape recordings, data, and other data compilations (including electronic data) from which information can be obtained; all notes handwritten or otherwise, memoranda, analyses, reports, studies, forecasts, work papers and minutes of meetings and all other writings, however denominated. Documents located on premises other than your premises and non-privileged documents possessed by your agents, representatives or attorneys, but in your possession, custody and control, are specifically included.

5.    The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral

contact, such as face-to-face meetings or telephone conversations and any writing, documents, or notes reflecting such communications.

6.  "Identify" or "Identification," as used herein means:

   (a)  when used in reference to a natural person, to state (i) the person's name, (ii) occupation and employment position, (iii) educational and professional background, (iv) present or last known residential and employment addresses, (v) telephone numbers, and (vi) the relevant facts which the person possesses;

   (b)  when used in reference to an entity other than a natural person, to state (i) its full name and type of entity, (ii) present or last known address of its principal office or place of business, (iii) state and date of incorporation if a corporation, and (iv) the relevant facts which the entity possesses;

   (c)  when used in reference to a document, to state (i) its date of authorship/execution and author or signatories, (ii) subject matter, (iii) all names and address of recipients, (iv) type of document (for example, letter, memorandum, telegram, chart, facsimile) and any other means of identifying it, (v) its present location and custodian, and (vi) the name and address of each person having custody or control of each copy of the document. If the document is not an original, identify the person having custody or control of the original. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it;

   (d)  when used in reference to an oral communication, to state (i) the speaker, (ii) the person spoken to, (iii) the medium of the communication, (iv) any other persons who were present or in a position to hear, (v) the date, (vi) the place of communication, and (vii) the substance of such communication;

   (e)  when used in reference to a written communication, identify (i) it and all documents which relate in any way to the communication, consistent with paragraph (c) above, (ii) identify all persons who have seen each such written communication, and (iii) the substance of each such written communication; and

   (f)  when used in reference to a fact to: (i) state the substance of the fact, and (ii) state how, when and from whom you learned of the

fact, including the identification of any document or communication from which you learned of the fact.

7.    "Plaintiff" means Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and her agents and representatives.

8.    "Defendant," "you" and "your" mean Defendant HD Ramps, LLC, and all persons and entities described in instruction number one.

9.    "Incident" means the December 18, 2018 incident involving Richard Matthew Zirlott and Defendant's 60" EZ Deck Step Trailer Rub Rail Portable Ladder.

10.    The "Subject Ladder" means the 60" EZ Deck Step Trailer Rub Rail Portable Ladder that was involved in the Incident giving rise to this case.

## INTERROGATORIES

1.    Is your name or corporate name, as the case may be, stated correctly in the Complaint filed in this action?  If not, please state the correct name by which you may sue or be sued in a court of law.

**ANSWER**:


2.    State the name, address and relationship to you of all persons answering these interrogatories or contributing information to the answers to these interrogatories.

**ANSWER**:


3.    State your role in the design, manufacture, assembly, distributive chain, sale, repair and/or maintenance of the 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder ("Subject

5

Ladder") and/or its component parts.  If you claim that you have had no such role, identify the person or entity that did have such role.

**ANSWER**:


4.      Please list any and all standards which pertain to the design, manufacture, assembly, repair, service, inspection and/or maintenance of the Subject Ladder or other similar EZ Deck Step Ladders, including, but not limited to, all standards promulgated by local, state or governmental agencies, bureaus, commissions or industry groups.

**ANSWER**:


5.      Please state whether any notice, warning, brochure, instruction, pamphlet or other printed material has ever been published and/or distributed which contains warnings concerning the possibility of injury resulting from the operation and/or use of the Subject Ladder or other similar EZ Deck Step Ladders.  If so, please identify each publication and/or item distributed, including, but not limited to, the title and date of each such publication and/or item, who published the material and to whom the material was distributed.

**ANSWER**:


6.      Please state the dates and places where the Subject Ladder was designed, assembled, manufactured, distributed, serviced, maintained and/or inspected.

**ANSWER**:


6

7.      State the name, business address, business telephone number, business occupation, residence address and residence telephone number of each individual known to you, your attorneys, your insurance adjusters, or any of your agents, servants or employees who has any knowledge concerning the allegations in the Complaint and, as to each such person so identified, state what you understand or believe to be the substance of such knowledge.

**ANSWER:**

8.      Identify each and every unsafe condition or defect in the Subject Ladder as the same existed on the date of the incident made the basis of this suit.

**ANSWER:**

9.      Identify the name, last known address, and telephone number of each and every person who made any complaint or criticism to you regarding the EZ Deck Step Ladder product line.

**ANSWER:**

10.     Identify the name, last known address, and telephone number of each and every person who made any complaint or criticism to you regarding the risk of an EZ Deck Step Ladder product disengaging from a flatbed.

**ANSWER:**

7

11.     Identify the person or persons with the most knowledge relating to the decision to not provide the 60" EZ Deck Step Ladder with a lock through opening and a fastener and describe said person or persons job title and role in said decision.

**ANSWER:**

12.     Identify the person or persons with the most knowledge relating to the decision to shorten the length of the rub rail mounting members on the Subject Ladder and describe said person's job title and job description.

**ANSWER:**

13.     Do you contend that the act or acts of any party other than you in any way caused and/or contributed to the incident made the basis of this suit?  If so, please state the full name and last known address of such other party and describe in detail the act or acts of such other party which you contend caused and/or contributed to the incident made the basis of this suit.

**ANSWER:**

14.     State whether you contend Richard Matthew Zirlott was guilty of any negligence, carelessness, etc., which in any way contributed to his injuries and death on December 18, 2018, and, if so, describe with specificity the nature of such negligence, carelessness, etc., upon which you rely in so contending.

**ANSWER:**

DOCUMENT 8

15.     Please state whether you have ever been cited, criticized, reprimanded or had any action taken against you by anyone whatsoever because of alleged violations of any federal, state or local statute or regulation with regard to the design, manufacture, distribution, sale, repair or maintenance of EZ Deck Step Ladders similar to the Subject Ladder. If so, please state the details of each action, including, but not limited to, the nature of each action, by whom each action was taken, the reason for each action, and the disposition of each action.

**ANSWER**:


16.     Please state whether any other claims or lawsuits of any type or kind have been filed against you arising from the same or substantially similar allegations as those contained in Plaintiff's Complaint. If so, please specify the following:

(a)     The identities of the parties;

(b)     The identities of the parties' attorneys (including names, addresses and telephone numbers);

(c)     The present legal status of such claim or lawsuit (e.g., in pretrial discovery, on appeal, etc.); and

(d)     Please attach a copy of the claim/complaint and your response to the claim or complaint to your answers to these interrogatories.

**ANSWER**:


17.     Are you a parent company, subsidiary, branch, division or affiliated in any way, either directly or indirectly, to another corporation or other form of business entity? If your answer is in the affirmative, please state the following:

DOCUMENT 8

(a)     The name, address and telephone number of the principal place of business
        of each such business entity; and

(b)     Your relationship with each business entity (i.e., parent, subsidiary,
        branch, division, etc.).

**ANSWER:**


18.     Please give the name, last known address, and telephone number of all witnesses
from whom any of the Defendants, or anyone acting on behalf of the Defendants, have obtained
statements regarding the incident made the basis of this action.

**ANSWER:**


19.     At the time of the incident made the basis of this action, did you have liability
insurance which covered the incident made the basis of Plaintiff's Complaint?  If so, please state
the names and addresses of any and all insurance companies which furnished you with liability
insurance coverage, the policy number and the limits of each such policy.

**ANSWER:**


20.     State the name and address of each person you expect to call as an expert witness
at the trial of this matter and, for each such expert, please state the qualifications of each expert,
the subject matter on which they are expected to testify and the substance of the facts and
opinions to which they are expected to testify.

**ANSWER:**

DOCUMENT 8

21.    Describe in detail each and every adjustment, repair, modification, service and/or maintenance made on the Subject Ladder involved in the incident made the basis of this action. Include in your response the person/entity that made same and the date of each such adjustment, repair, modification, service and maintenance.

**ANSWER**:


22.    Describe the sale of the subject ladder, including the dates it was sold, shipped and delivered and to whom the sale occurred.

**ANSWER**:


23.    State why the subject ladder did not include a through opening and fastener.

**ANSWER**:


24.    Describe all materials shipped with the subject ladder, including manuals, warnings, and pamphlets, including any information on the product.

**ANSWER**:


25.    Describe any testing or engineering analysis conducted by this Defendant on the subject ladder.

**ANSWER**:


11

DOCUMENT 8

26.     Describe any information available electronically regarding the subject ladder and produce same.

**ANSWER**:


27.     List the number of products shipped to the State of Alabama by this Defendant in the past five years.

**ANSWER**:


28.     Identify the person with the most knowledge of drafting the warnings on the Subject Ladder.

**ANSWER**:


ATTORNEYS FOR PLAINTIFF

_____*/s  Desmond V. Tobias*_____
DESMOND V. TOBIAS (TOB002)
desi@tmclawyers.com
JASON S. McCORMICK (MCC118)
jason@tmclawyers.com
BRYAN E. COMER (COM015)
bryan@tmclawyers.com
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:     (251) 432-5001
Facsimile:     (251) 432-0714


**TO BE SERVED WITH THE COMPLAINT.**

DOCUMENT 2



ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased, §§§§ | |
| Plaintiff, §§ | |
| v. §§ | 02-CV-2019-_____ |
| DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; et al. §§§§§§§§ | |
| Defendants. §§ | |

## REQUEST FOR PRODUCTION TO DEFENDANT
## HD RAMPS, LLC

Plaintiff in the above styled cause, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, propounds the following requests for production to Defendant HD Ramps, LLC, a subsidiary of DiscountRamps, LLC, ("HD Ramps") to be answered and responded to fully and completely within the time required by law. The following requests for production include all items and/or documents, whether available and/or maintained in written form, via computer technology, by electronic and/or digital means or otherwise.

### DEFINITIONS AND INSTRUCTIONS

1. Unless otherwise indicated, the use in the requests of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners,

predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization, and this includes, and is not limited to those entities operating under or for Defendant HD Ramps, LLC.

2.    For purposes of interpreting or construing the scope of the requests, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual request. This includes, without limitation, the following:

    a.    Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the Request more inclusive;

    b.    Construing the singular form of the word to include the plural and the plural form to include the singular;

    c.    Construing the masculine to include the feminine and vice versa; and

    d.    Construing the term "including" to mean including, but not limited to.

3.    The term "person" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity. A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

4.    "Document" includes without limitation the original and all copies, including non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) or all papers, emails, electronic information created, stored, or retrieved and processed in electronic, magnetic or digital form, computer files, books, accounts, graphs, charts, photographs, electronic or videotape recordings, data, and other data compilations (including electronic data) from which information can be obtained; all notes handwritten or

otherwise, memoranda, analyses, reports, studies, forecasts, work papers and minutes of meetings and all other writings, however denominated. Documents located on premises other than your premises and non-privileged documents possessed by your agents, representatives or attorneys, but in your possession, custody and control, are specifically included.

5.      The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations and any writing, documents, or notes reflecting such communications.

6.      "Identify" or "Identification," as used herein means:

    (a)     when used in reference to a natural person, to state (i) the person's name, (ii) occupation and employment position, (iii) educational and professional background, (iv) present or last known residential and employment addresses, (v) telephone numbers, and (vi) the relevant facts which the person possesses;

    (b)     when used in reference to an entity other than a natural person, to state (i) its full name and type of entity, (ii) present or last known address of its principal office or place of business, (iii) state and date of incorporation if a corporation, and (iv) the relevant facts which the entity possesses;

    (c)     when used in reference to a document, to state (i) its date of authorship/execution and author or signatories, (ii) subject matter, (iii) all names and address of recipients, (iv) type of document (for example, letter, memorandum, telegram, chart, facsimile) and any other means of identifying it, (v) its present location and custodian, and (vi) the name and address of each person having custody or control of each copy of the document. If the document is not an original, identify the person having custody or control of the original. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it;

(d) when used in reference to an oral communication, to state (i) the speaker, (ii) the person spoken to, (iii) the medium of the communication, (iv) any other persons who were present or in a position to hear, (v) the date, (vi) the place of communication, and (vii) the substance of such communication;

(e) when used in reference to a written communication, identify (i) it and all documents which relate in any way to the communication, consistent with paragraph (c) above, (ii) identify all persons who have seen each such written communication, and (iii) the substance of each such written communication; and

(f) when used in reference to a fact to: (i) state the substance of the fact, and (ii) state how, when and from whom you learned of the fact, including the identification of any document or communication from which you learned of the fact.

7. "Plaintiff" means Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and her agents and representatives.

8. "Defendant," "you" and "your" mean Defendant HD Ramps, LLC, and all persons and entities described in instruction number one.

9. "Incident" means the December 18, 2018 incident involving Richard Matthew Zirlott and Defendant's 60" EZ Deck Step Trailer Rub Rail Portable Ladder.

10. The "Subject Ladder" means the 60" EZ Deck Step Trailer Rub Rail Portable Ladder that was involved in the Incident giving rise to this case.

## REQUESTS FOR PRODUCTION

1. Produce all purchase and sales documents, invoices, contracts, warranty records, service records, and other documents and communications that refer to, discuss or reflect the Subject Ladder.

2. Produce all advertising and promotional documents, including but not limited to literature, brochures, pamphlets, photographs, video, internet and magazine campaigns,

4

television advertisements and catalogs provided to authorized dealers and/or potential end-consumers for the 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder from 2010-present.

    3.    Produce all documents requested or obtained by You from any third-party in connection with Your efforts to discover information from third parties regarding this case, whether obtained informally through the use of authorizations provided by Plaintiff, or through formal process, subpoena, deposition on written questions or other third party discovery technique.

    4.    Produce all photographs and videos that reflect any Plaintiff or the Incident.

    5.    Produce all photographs, diagrams, drawings, and videos of i) the Subject Ladder or ii) the Incident scene.

    6.    Produce all accident reports, investigation reports, notes of investigation, or witness statements relating to the Incident or Plaintiff.

    7.    Produce all communications and documents exchanged with or obtained from any third party relating to the Incident or Plaintiff, including but not limited to, any witnesses to the Incident, parents or family members of witnesses to the Incident, Plaintiff's medical care providers, or first responders appearing at the Incident scene.

    8.    Produce all documents supporting each of Your affirmative defenses.

    9.    Produce all documents that reflect the patents and/or design specifications of the 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder.

    10.    Produce all documents distributed to consumers, retailers or distributors that refer to, discuss, or reflect safety notices and communications or user instructions for the Subject Ladder.

11.    Produce the Owners Manuals (and supplements thereto) for the Subject Ladder for all years from the date of initial manufacture to present.

12.    Produce all internal emails, memoranda, and other documents showing what You knew about hazards regarding the 60" "EZ Deck Step Ladder," and when You knew.

13.    Produce copies of depositions of Your employees and officers from any other lawsuits filed against arising out of falls associated with Your EZ Deck Step Ladder products.

14.    For the Subject Ladder, produce the Bill of Lading, Unit Inquiry, Purchase Order, Invoice for Original Sale, and Certificate of Origin.

15.    Produce all Engineering Change Orders and Manufacturing Documents related to the 60" EZ Deck Step Ladder.

16.    Produce all Service Bulletins applicable to the Subject Ladder.

17.    Produce all documents and communications between You and any other Defendant in this action.

18.    Produce all documents relating to Your field testing (or field testing conduct on Your behalf by third parties) of safety devices to address the risk of ladders disengaging from flatbed trucks.

19.    Produce all documents and communications addressing consumer complaints regarding the risk of an EZ Deck Step Ladder product disengaging from a flatbed.

20.    Produce all documents received by You wherein it was determined or alleged that on any of Your EZ Deck Step Ladder products disengaged from a flatbed and injured the product's user(s).

21.    Produce all marketing planning documents for the 60" EZ Deck Step Ladder.

22.    Produce the product overview for the 60" EZ Deck Step Ladder.

DOCUMENT 9

23.     Produce all training and instructional documents, photographs and videos provided to consumers or authorized dealers of the 60" EZ Deck Step Ladder.

24.     Produce all reports, studies, analysis, research and memoranda regarding Your marketing strategies for the 60" EZ Deck Step Ladder.

25.     Produce all draft and final post-sale warnings, recall notices, advisories, safety alerts, or similar documents prepared or issued by You, one of Your retailers, or any government agency for the 60" EZ Deck Step Ladder.

26.     Produce Your warranty agreements with Your retailers and other third parties for the 60" EZ Deck Step Ladder.

27.     Produce all product safety reviews for or relating to the 60" EZ Deck Step Ladder, whether performed by You or a third party.

28.     Produce all risk analysis, risk assessment, safety reports or memoranda for or relating to the 60" EZ Deck Step Ladder.

29.     Produce all protocols, manuals, policies, and procedures related to the following:

     a.     Manufacturing and production of the 60" EZ Deck Step Ladder;

     b.     Quality assurance, quality management and quality improvement, including but not limited to, testing, inspection, and failure rates of the 60" EZ Deck Step Ladder;

     c.     Complaints and inquiries, including but not limited to, adjustments and claim rates, from customers and employees pertaining to the 60" EZ Deck Step Ladder;

     d.     Marketing and sales of the 60" EZ Deck Step Ladder; and

DOCUMENTS

      c.     Training pertaining to the manufacturing, production, quality assurance, management and improvement of the 60" EZ Deck Step Ladder.

30.    Produce all documents reflecting Your risk and safety analysis for the 60" EZ Deck Step Ladder.

31.    Produce Your quality assurance guidelines and protocols.

32.    Produce Your product recall guidelines, policies, and procedures.

33.    Produce all recall notices for any EZ Deck Step Ladder products.

34.    Produce Your communications with Your insurer(s) that relate to i) this lawsuit.

35.    Produce all insurance policies providing liability coverage to you, including declarations pages, which were in effect on December 18, 2018.

36.    Produce a copy of Your policies and procedures for: (a) receipt of claims, incident reports, accident reports, and warranty claims; (b) internal company communication and distribution of information concerning incident reports, accident reports, and warranty claims; (c) investigation and analysis of incident reports, accident reports, and warranty claims; (d) corrective action for design issues identified by incident reports, accident reports, and warranty claims; (e) product recalls; and (f) post sale warnings to dealers and consumers.

37.    If You contend that the Subject Ladder involved in the Incident was misused at the time of or on the day of the Incident, produce all documents supporting Your contention.

38.    Produce all reports of injuries (including Your initial summary of reports and disclosures to government agencies) to users while using the 60" EZ Deck Step Ladder.

39.     Produce all standards, codes, regulations, treatises, publications, and/or other supporting data or documents relied upon by each expert You will or may call at the trial of this action.

40.     Any and all videotapes, videos and records depicting Mr. Zirlott and/or the scene of the accident for the 48-hour period of December 17 and December 18, 2018.

41.     All documents evidencing the purchase of any materials from Southern Gas and Supply, Inc., and/or DiscountRamps.com, LLC.

42.     Any and all statements or other communications between this Defendant and any other regulatory entity, including OSHA.

43.     Any and all documents or other communication in any way related to any investigation conducted into the incident made the basis of this case, and any investigation conducted by OSHA.

44.     Any and all file materials pertaining to Richard Matthew Zirlott.

45.     All materials and documents pertaining to any contractor agreement between this Defendant and Cypress Employment Services, LLC.

46.     Any and all communications between this Defendant and Cypress Employment Services, LLC, related to Richard Matthew Zirlott.

47.     Any and all communications between this Defendant and any person employed with Metals USA relating to the death of Richard Matthew Zirlott.

48.     Any documents, receipts, or other materials related to the purchase of the subject ladder.

49.     All employee manuals, training manuals, policies and procedures relating in any way to Richard Matthew Zirlott.

50.     All emails, text messages, or any other form of communication between employees of this Defendant pertaining to Richard Matthew Zirlott.

51.     Any and all documents you contend support your responses to the Interrogatories.

52.     Produce a privilege log identifying any documents withheld on the basis of privilege.

ATTORNEYS FOR PLAINTIFF

_____/s  Desmond V. Tobias_____
DESMOND V. TOBIAS (TOB002)
desi@tmclawyers.com
JASON S. McCORMICK (MCC118)
jason@tmclawyers.com
BRYAN E. COMER (COM015)
bryan@tmclawyers.com
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:     (251) 432-5001
Facsimile:     (251) 432-0714

**TO BE SERVED WITH THE COMPLAINT.**

ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased; REGINA ZIRLOTT, in her individual capacity and REGINA ZIRLOTT, as dependent spouse of RICHARD MATTHEW ZIRLOTT; | § § § § § § | |
| | § | 02-CV-2019-_____ |
| Plaintiff, | § § | |
| | § | |
| v. | § § | |
| | § | |
| DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; et al. | § § § § § § § | |
| | § | |
| Defendants. | § § | |

## INTERROGATORIES TO DEFENDANT
## METALS USA PLATES AND SHAPES, INC.

Plaintiff in the above styled cause, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propound the following interrogatories to Defendant Metals USA Plates and Shapes, Inc., ("Metals USA"), to be answered and responded to fully and completely within the time required by law:

You are reminded that under the provisions of Rule 26 you are under a duty to seasonably supplement your response with respect to any question directly addressed to: (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each

1

person expected to be called as an expert witness at trial, the subject matter on which they are expected to testify and the substance of their testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which:  (a) you know that the response was incorrect when made; or  (b) you know that the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff within fifteen (15) days after receipt of such information.

## DEFINITIONS AND INSTRUCTIONS

1.      Unless otherwise indicated, the use in the interrogatories of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization, and this includes, and is not limited to those entities operating under or for Defendant Metals USA.

2.      For purposes of interpreting or construing the scope of the interrogatories, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual interrogatory. This includes, without limitation, the following:

      a.     Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the interrogatory more inclusive;

      b.     Construing the singular form of the word to include the plural and the plural form to include the singular;

2

c.  Construing the masculine to include the feminine and vice versa; and

d.  Construing the term "including" to mean including, but not limited to.

3.  The term "person" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity. A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

4.  "Document" includes without limitation the original and all copies, including non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) or all papers, emails, electronic information created, stored, or retrieved and processed in electronic, magnetic or digital form, computer files, books, accounts, graphs, charts, photographs, electronic or videotape recordings, data, and other data compilations (including electronic data) from which information can be obtained; all notes handwritten or otherwise, memoranda, analyses, reports, studies, forecasts, work papers and minutes of meetings and all other writings, however denominated. Documents located on premises other than your premises and non-privileged documents possessed by your agents, representatives or attorneys, but in your possession, custody and control, are specifically included.

5.  The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral

3

contact, such as face-to-face meetings or telephone conversations and any writing, documents, or notes reflecting such communications.

6.  "Identify" or "Identification," as used herein means:

(a)  when used in reference to a natural person, to state (i) the person's name, (ii) occupation and employment position, (iii) educational and professional background, (iv) present or last known residential and employment addresses, (v) telephone numbers, and (vi) the relevant facts which the person possesses;

(b)  when used in reference to an entity other than a natural person, to state (i) its full name and type of entity, (ii) present or last known address of its principal office or place of business, (iii) state and date of incorporation if a corporation, and (iv) the relevant facts which the entity possesses;

(c)  when used in reference to a document, to state (i) its date of authorship/execution and author or signatories, (ii) subject matter, (iii) all names and address of recipients, (iv) type of document (for example, letter, memorandum, telegram, chart, facsimile) and any other means of identifying it, (v) its present location and custodian, and (vi) the name and address of each person having custody or control of each copy of the document. If the document is not an original, identify the person having custody or control of the original. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it;

(d)  when used in reference to an oral communication, to state (i) the speaker, (ii) the person spoken to, (iii) the medium of the communication, (iv) any other persons who were present or in a position to hear, (v) the date, (vi) the place of communication, and (vii) the substance of such communication;

(e)  when used in reference to a written communication, identify (i) it and all documents which relate in any way to the communication, consistent with paragraph (c) above, (ii) identify all persons who have seen each such written communication, and (iii) the substance of each such written communication; and

(f)  when used in reference to a fact to: (i) state the substance of the fact, and (ii) state how, when and from whom you learned of the

fact, including the identification of any document or communication from which you learned of the fact.

7.     "Plaintiff" means Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and her agents and representatives.

8.     "Defendant," "you" and "your" mean Defendant Metals USA, and all persons and entities described in instruction number one.

9.     "Incident" means the December 18, 2018 incident involving Richard Matthew Zirlott and Defendant's 60" EZ Deck Step Trailer Rub Rail Portable Ladder.

10.     The "Subject Ladder" means the 60" EZ Deck Step Trailer Rub Rail Portable Ladder that was involved in the Incident giving rise to this case.


### INTERROGATORIES

1.     Is your name or corporate name, as the case may be, stated correctly in the Complaint filed in this action?  If not, please state the correct name by which you may sue or be sued in a court of law.

**ANSWER**:


2.     State the name, address and relationship to you of all persons answering these interrogatories or contributing information to the answers to these interrogatories.

**ANSWER**:

DOCUMENT 10

3.      State your role in the purchase and maintenance of the subject 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder ("Subject Ladder") and/or its component parts.  If you claim that you have had no such role, identify the person or entity that did have such role.

**ANSWER**:

4.      State whether any notice, warning brochure, instruction pamphlet or other material was received regarding the Subject 60" EZ Deck Step Ladder. If so, please identify each such item and to whom it was distributed.

**ANSWER**:

5.      Please state the dates and places where the Subject Ladder was designed, assembled, manufactured, distributed, serviced, maintained and/or inspected.

**ANSWER**:

6.      State the name, business address, business telephone number, business occupation, residence address and residence telephone number of each individual known to you, your attorneys, your insurance adjusters, or any of your agents, servants or employees who has any knowledge concerning the allegations in the Complaint and, as to each such person so identified, state what you understand or believe to be the substance of such knowledge.

**ANSWER**:

DOCUMENT 10

7.     Identify the name, last known address, and telephone number of each and every person who made any complaint or criticism to you regarding the EZ Deck Step Ladder product line.

**ANSWER**:


8.     Identify the name, last known address, and telephone number of each and every person who made any complaint or criticism to you regarding the risk of an EZ Deck Step Ladder product disengaging from a flatbed.

**ANSWER**:


9.     State whether you contend Richard Matthew Zirlott was guilty of any negligence, carelessness, etc., which in any way contributed to his injuries and death on December 18, 2018, and, if so, describe with specificity the nature of such negligence, carelessness, etc., upon which you rely in so contending.

**ANSWER**:


10.     Please give the name, last known address, and telephone number of all witnesses from whom any of the Defendants, or anyone acting on behalf of the Defendants, have obtained statements regarding the incident made the basis of this action.

**ANSWER**:

11.    At the time of the incident made the basis of this action, did you have liability insurance which covered the incident made the basis of Plaintiff's Complaint?  If so, please state the names and addresses of any and all insurance companies which furnished you with liability insurance coverage, the policy number and the limits of each such policy.

**ANSWER**:


12.    State the name and address of each person you expect to call as an expert witness at the trial of this matter and, for each such expert, please state the qualifications of each expert, the subject matter on which they are expected to testify and the substance of the facts and opinions to which they are expected to testify.

**ANSWER**:


13.    Describe in detail each and every adjustment, repair, modification, service and/or maintenance made on the Subject Ladder involved in the incident made the basis of this action. Include in your response the person/entity that made same and the date of each such adjustment, repair, modification, service and maintenance.

**ANSWER**:


14.    Describe the sale of the subject ladder, including the dates it was sold, shipped and delivered and from whom the ladder was purchased.

**ANSWER**:


8

15.    Describe pre and post event buffers on the motion triggered recording system and/or surveillance within the warehouse of the subject premises at the time of the incident, identify the location of and custodian of all surveillance video capturing the accident, and state whether any of said evidence has been altered, destroyed, or otherwise deleted.

**ANSWER:**


16.    Describe all materials shipped with the subject ladder, including manuals, warnings, and pamphlets, including any information on the product.

**ANSWER:**


17.    Describe and identify the sensitivity settings of the motion triggered recording system and/or surveillance on the subject premises at the time of the incident.

**ANSWER:**


18.    Describe any and all editing conducted on the videotape produced to Plaintiff by this Defendant.

**ANSWER:**


19.    Describe each and every reason why the video .agi files produced to Plaintiff was not watermarked and give a date when each event occurred and identify the person responsible.

**ANSWER:**

20.    Describe any investigation conducted into this incident, including any investigation conducted by OSHA, and the status of said investigation.

**ANSWER**:

21.    Describe in detail all actions taken by you or your employees to obtain emergency medical treatment for Mr. Zirlott and the name of your employees doing so.

**ANSWER**:

22.    Identify all of your employees who arrived at the hospital before Mrs. Zirlott and identify the employees who failed to contact Mrs. Zirlott.

**ANSWER**:

23.    Identify the names and contact information of any persons on the premises at the time of the subject incident and further list all actions they took to respond to the incident.

**ANSWER**:

24.    Describe your understanding of how the subject incident occurred.

**ANSWER**:

DOCUMENT 10

ATTORNEYS FOR PLAINTIFF

_/s  Desmond V. Tobias_
DESMOND V. TOBIAS (TOB002)
desi@tmclawyers.com
JASON S. McCORMICK (MCC118)
jason@tmclawyers.com
BRYAN E. COMER (COM015)
bryan@tmclawyers.com
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:     (251) 432-5001
Facsimile:     (251) 432-0714

**TO BE SERVED WITH THE COMPLAINT.**

11

ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased; REGINA ZIRLOTT, in her individual capacity and REGINA ZIRLOTT, as dependent spouse of RICHARD MATTHEW ZIRLOTT; | § § § § § § | |
| | § | 02-CV-2019-_____ |
| Plaintiff, | § § | |
| | § | |
| v. | § § | |
| DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; et al. | § § § § § § § | |
| | § | |
| Defendants. | § | |

## REQUEST FOR PRODUCTION TO DEFENDANT METALS USA PLATES AND SHAPES, INC.

Plaintiff in the above styled cause, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, propounds the following requests for production to Defendant Metals USA Plates and Shapes, Inc., to be answered and responded to fully and completely within the time required by law. The following requests for production include all items and/or documents, whether available and/or maintained in written form, via computer technology, by electronic and/or digital means or otherwise.

## DEFINITIONS AND INSTRUCTIONS

1.      Unless otherwise indicated, the use in the requests of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization, and this includes, and is not limited to those entities operating under or for Defendant Metals USA.

2.      For purposes of interpreting or construing the scope of the requests, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual request. This includes, without limitation, the following:

    a.      Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the Request more inclusive;

    b.      Construing the singular form of the word to include the plural and the plural form to include the singular;

    c.      Construing the masculine to include the feminine and vice versa; and

    d.      Construing the term "including" to mean including, but not limited to.

3.      The term "person" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity. A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

4.      "Document" includes without limitation the original and all copies, including non-identical copy (whether different from the original because of notes made on or attached to

2

such copy or otherwise) or all papers, emails, electronic information created, stored, or retrieved and processed in electronic, magnetic or digital form, computer files, books, accounts, graphs, charts, photographs, electronic or videotape recordings, data, and other data compilations (including electronic data) from which information can be obtained; all notes handwritten or otherwise, memoranda, analyses, reports, studies, forecasts, work papers and minutes of meetings and all other writings, however denominated. Documents located on premises other than your premises and non-privileged documents possessed by your agents, representatives or attorneys, but in your possession, custody and control, are specifically included.

5.      The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations and any writing, documents, or notes reflecting such communications.

6.      "Identify" or "Identification," as used herein means:

      (a)      when used in reference to a natural person, to state (i) the person's name, (ii) occupation and employment position, (iii) educational and professional background, (iv) present or last known residential and employment addresses, (v) telephone numbers, and (vi) the relevant facts which the person possesses;

      (b)      when used in reference to an entity other than a natural person, to state (i) its full name and type of entity, (ii) present or last known address of its principal office or place of business, (iii) state and date of incorporation if a corporation, and (iv) the relevant facts which the entity possesses;

      (c)      when used in reference to a document, to state (i) its date of authorship/execution and author or signatories, (ii) subject matter, (iii) all names and address of recipients, (iv) type of document (for example, letter, memorandum, telegram, chart, facsimile) and any

other means of identifying it, (v) its present location and custodian, and (vi) the name and address of each person having custody or control of each copy of the document. If the document is not an original, identify the person having custody or control of the original. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it;

(d)    when used in reference to an oral communication, to state (i) the speaker, (ii) the person spoken to, (iii) the medium of the communication, (iv) any other persons who were present or in a position to hear, (v) the date, (vi) the place of communication, and (vii) the substance of such communication;

(e)    when used in reference to a written communication, identify (i) it and all documents which relate in any way to the communication, consistent with paragraph (c) above, (ii) identify all persons who have seen each such written communication, and (iii) the substance of each such written communication; and

(f)    when used in reference to a fact to: (i) state the substance of the fact, and (ii) state how, when and from whom you learned of the fact, including the identification of any document or communication from which you learned of the fact.

7.      "Plaintiff" means Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and her agents and representatives.

8.      "Defendant," "you" and "your" mean Defendant Metals USA, and all persons and entities described in instruction number one.

9.      "Incident" means the December 18, 2018 incident involving Richard Matthew Zirlott and Defendant's 60" EZ Deck Step Trailer Rub Rail Portable Ladder.

10.    The "Subject Ladder" means the 60" EZ Deck Step Trailer Rub Rail Portable Ladder that was involved in the Incident giving rise to this case.

## REQUESTS FOR PRODUCTION

1.     Produce all purchase and sales documents, invoices, contracts, warranty records, service records, and other documents and communications that refer to, discuss or reflect the Subject Ladder or the purchase of any other rub rail ladders from the Defendants.

2.     Produce all advertising and promotional documents, including but not limited to literature, brochures, pamphlets, photographs, video, internet and magazine campaigns, television advertisements and catalogs received by this Defendant referring or related to rub rail ladders.

3.     Produce all documents requested or obtained by You from any third-party in connection with Your efforts to discover information from third parties regarding this case, whether obtained informally through the use of authorizations provided by Plaintiff, or through formal process, subpoena, deposition on written questions or other third party discovery technique.

4.     Produce all photographs and videos that capture the Plaintiff or the Incident. This Request specifically includes all photographs or video depicting the lading of the trailer, the securing of the Subject Ladder, the fall, the removal of Mr. Zirlott after the fall, and the alteration of the scene after Mr. Zirlott's body was removed.

5.     Produce all photographs, diagrams, drawings, and videos of i) the Subject Ladder or ii) the Incident scene depicting the condition of same at the time of the fall.

6.     Produce all accident reports, investigation reports, notes of investigation, or witness statements relating to the Incident or Plaintiff.

7.     Produce all communications and documents exchanged with or obtained from any

third party relating to the Incident or Plaintiff, including but not limited to, any witnesses to the Incident, parents or family members of witnesses to the Incident, Plaintiff's medical care providers, or first responders appearing at the Incident scene.

8.     Produce all documents supporting each of Your affirmative defenses.

9.     Produce the Owners Manuals (and supplements thereto) for the Subject Ladder for all years from the date of initial manufacture to present.

10.    Produce all internal emails, memoranda, and other documents showing what Metals USA, knew about hazards regarding the 60" "EZ Deck Step Ladder," and when they knew.

11.    For the Subject Ladder, produce the Bill of Lading, Unit Inquiry, Purchase Order, Invoice for Original Sale, and Certificate of Origin.

12.    Any and all videotapes, videos and records depicting Mr. Zirlott and/or the scene of the accident for the 48-hour period of December 17 and December 18, 2018.

13.    All documents evidencing the purchase of any materials from Southern Gas and Supply, Inc., and/or DiscountRamps.com, LLC.

14.    Any and all statements or other communications between this Defendant and any other regulatory entity, including OSHA.

15.    Any and all documents, file materials, statements, or other communication in any way related to any investigation conducted into the incident made the basis of this case, and any investigation conducted by OSHA.

16.    Any and all file materials pertaining to Richard Matthew Zirlott.

17.    All materials and documents pertaining to any agreement between this Defendant and Cypress Employment Services, LLC.

18.     Any and all statements or other communications between this Defendant and any other regulatory entity, including OSHA.

19.     Any and all communications between this Defendant and Cypress Employment Services, LLC, related to Richard Matthew Zirlott.

20.     Any and all communications between this Defendant and any person employed or representing Metals USA relating to the death of Richard Matthew Zirlott.

21.     Any documents, receipts, or other materials related to the purchase of the subject ladder and any other item from HD Ramps, DiscountRamps.com, LLC.

22.     All employee manuals, training manuals, policies and procedures relating in any way to Richard Matthew Zirlott.

23.     All employee manuals, training manuals, policies and procedures relating in any way to employee duties following a work accident on the premises.

24.     Any and all file materials pertaining to OSHA citations regarding the subject premises and this Defendant in the past five years.

25.     All emails, text messages, or any other form of communication between employees of this Defendant pertaining to Richard Matthew Zirlott.

26.     Produce the watermarked files from any motion triggered recording system in the warehouse on the subject premises for the 12-hour period beginning at 5:00 p.m. on December 17, 2018 and ending at 5:00 a.m. on December 18, 2018.

27.     Produce any archiver from the network of the subject video system for the period of 5:00 p.m. on December 17, 2018 and ending at 5:00 a.m. on December 18, 2018.

28.     Produce the subject video system for a digital forensic inspection.

29.     Produce all documents you contend support your response to the Interrogatories.

DOCUMENT 11

30.     Produce all emails, text messages, voicemails, memos, or other similar documents relating to the subject incident, your failure to notify Mrs. Zirlott, and your responses to Interrogatories 21 and 22 in particular.

31.     Any and all file materials pertaining to Richard Matthew Zirlott.

32.     All documents and materials pertaining to any contractor agreement between this Defendant and Cypress Employment Services, LLC.

33.     Any text, video or email taken by an employee of this Defendant pertaining in any way to the death of Richard Matthew Zirlott.

34.     Any materials pertaining to contact between this Defendant and an emergency responder or hospital pertaining to Richard Matthew Zirlott.


ATTORNEYS FOR PLAINTIFF

/s Desmond V. Tobias
DESMOND V. TOBIAS (TOB002)
desi@tmclawyers.com
JASON S. McCORMICK (MCC118)
jason@tmclawyers.com
BRYAN E. COMER (COM015)
bryan@tmclawyers.com
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:     (251) 432-5001
Facsimile:      (251) 432-0714


**TO BE SERVED WITH THE COMPLAINT.**

ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased; REGINA ZIRLOTT, in her individual capacity and REGINA ZIRLOTT, as dependent spouse of RICHARD MATTHEW ZIRLOTT; | § § § § § § | |
| | § | 02-CV-2019-_____ |
| Plaintiff, | § § § | |
| v. | § § | |
| DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; et al. | § § § § § § § | |
| Defendants. | | |

## INTERROGATORIES TO DEFENDANT
## SOUTHERN GAS AND SUPPLY, INC.

Plaintiff in the above styled cause, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propound the following interrogatories to Defendant Southern Gas and Supply, Inc., to be answered and responded to fully and completely within the time required by law:

You are reminded that under the provisions of Rule 26 you are under a duty to seasonably supplement your response with respect to any question directly addressed to: (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which they are expected to testify and the substance of their testimony.

1

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which:  (a) you know that the response was incorrect when made; or  (b) you know that the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff within fifteen (15) days after receipt of such information.

### DEFINITIONS AND INSTRUCTIONS

1.      Unless otherwise indicated, the use in the interrogatories of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization, and this includes, and is not limited to those entities operating under or for Defendant Southern Gas and Supply, Inc.

2.      For purposes of interpreting or construing the scope of the interrogatories, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual interrogatory. This includes, without limitation, the following:

a. Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the interrogatory more inclusive;

b. Construing the singular form of the word to include the plural and the plural form to include the singular;

c. Construing the masculine to include the feminine and vice versa; and

d. Construing the term "including" to mean including, but not limited to.

2

3.     The term "person" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity. A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

4.     "Document" includes without limitation the original and all copies, including non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) or all papers, emails, electronic information created, stored, or retrieved and processed in electronic, magnetic or digital form, computer files, books, accounts, graphs, charts, photographs, electronic or videotape recordings, data, and other data compilations (including electronic data) from which information can be obtained; all notes handwritten or otherwise, memoranda, analyses, reports, studies, forecasts, work papers and minutes of meetings and all other writings, however denominated. Documents located on premises other than your premises and non-privileged documents possessed by your agents, representatives or attorneys, but in your possession, custody and control, are specifically included.

5.     The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations and any writing, documents, or notes reflecting such communications.

6.     "Identify" or "Identification," as used herein means:

3

(a)     when used in reference to a natural person, to state (i) the person's name, (ii) occupation and employment position, (iii) educational and professional background, (iv) present or last known residential and employment addresses, (v) telephone numbers, and (vi) the relevant facts which the person possesses;

(b)     when used in reference to an entity other than a natural person, to state (i) its full name and type of entity, (ii) present or last known address of its principal office or place of business, (iii) state and date of incorporation if a corporation, and (iv) the relevant facts which the entity possesses;

(c)     when used in reference to a document, to state (i) its date of authorship/execution and author or signatories, (ii) subject matter, (iii) all names and address of recipients, (iv) type of document (for example, letter, memorandum, telegram, chart, facsimile) and any other means of identifying it, (v) its present location and custodian, and (vi) the name and address of each person having custody or control of each copy of the document. If the document is not an original, identify the person having custody or control of the original. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it;

(d)     when used in reference to an oral communication, to state (i) the speaker, (ii) the person spoken to, (iii) the medium of the communication, (iv) any other persons who were present or in a position to hear, (v) the date, (vi) the place of communication, and (vii) the substance of such communication;

(e)     when used in reference to a written communication, identify (i) it and all documents which relate in any way to the communication, consistent with paragraph (c) above, (ii) identify all persons who have seen each such written communication, and (iii) the substance of each such written communication; and

(f)     when used in reference to a fact to: (i) state the substance of the fact, and (ii) state how, when and from whom you learned of the fact, including the identification of any document or communication from which you learned of the fact.

7.     "Plaintiff" means Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and her agents and representatives.

8.    "Defendant," "you" and "your" mean Southern Gas and Supply, Inc., and all persons and entities described in instruction number one.

9.    "Incident" means the December 18, 2018 incident involving Richard Matthew Zirlott and Defendant's 60" EZ Deck Step Trailer Rub Rail Portable Ladder.

10.   The "Subject Ladder" means the 60" EZ Deck Step Trailer Rub Rail Portable Ladder that was involved in the Incident giving rise to this case.

### INTERROGATORIES

1.    Is your name or corporate name, as the case may be, stated correctly in the Complaint filed in this action?  If not, please state the correct name by which you may sue or be sued in a court of law.

**ANSWER**:


2.    State the name, address and relationship to you of all persons answering these interrogatories or contributing information to the answers to these interrogatories.

**ANSWER**:


3.    State your role in the design, manufacture, assembly, distributive chain, sale, repair and/or maintenance of the 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder ("Subject Ladder") and/or its component parts.  If you claim that you have had no such role, identify the person or entity that did have such role.

**ANSWER**:

5

4.    Please list any and all standards which pertain to the design, manufacture, assembly, repair, service, inspection and/or maintenance of the Subject Ladder or other similar EZ Deck Step Ladders, including, but not limited to, all standards promulgated by local, state or governmental agencies, bureaus, commissions or industry groups.

**ANSWER:**

5.    Please state whether any notice, warning, brochure, instruction, pamphlet or other printed material has ever been published and/or distributed which contains warnings concerning the possibility of injury resulting from the operation and/or use of the Subject Ladder or other similar EZ Deck Step Ladders.  If so, please identify each publication and/or item distributed, including, but not limited to, the title and date of each such publication and/or item, who published the material and to whom the material was distributed.

**ANSWER:**

6.    Please state the dates and places where the Subject Ladder was designed, assembled, manufactured, distributed, serviced, maintained and/or inspected.

**ANSWER:**

7.    State the name, business address, business telephone number, business occupation, residence address and residence telephone number of each individual known to you, your attorneys, your insurance adjusters, or any of your agents, servants or employees who has

any knowledge concerning the allegations in the Complaint and, as to each such person so identified, state what you understand or believe to be the substance of such knowledge.

**ANSWER:**

8.    Identify each and every unsafe condition or defect in the Subject Ladder as the same existed on the date of the incident made the basis of this suit.

**ANSWER:**

9.    Identify the name, last known address, and telephone number of each and every person who made any complaint or criticism to you regarding the EZ Deck Step Ladder product line.

**ANSWER:**

10.    Identify the name, last known address, and telephone number of each and every person who made any complaint or criticism to you regarding the risk of an EZ Deck Step Ladder product disengaging from a flatbed.

**ANSWER:**

11.    Identify the person or persons with the most knowledge relating to the decision to not provide the 60" EZ Deck Step Ladder with a lock through opening and a fastener and describe said person or persons job title and role in said decision.

**ANSWER:**

DOCUMENT 12

12.     Do you contend that the act or acts of any party other than you in any way caused and/or contributed to the incident made the basis of this suit?  If so, please state the full name and last known address of such other party and describe in detail the act or acts of such other party which you contend caused and/or contributed to the incident made the basis of this suit.

**ANSWER**:


13.     State whether you contend Richard Matthew Zirlott was guilty of any negligence, carelessness, etc., which in any way contributed to his injuries and death on December 18, 2018, and, if so, describe with specificity the nature of such negligence, carelessness, etc., upon which you rely in so contending.

**ANSWER**:


14.     Please state whether you have ever been cited, criticized, reprimanded or had any action taken against you by anyone whatsoever because of alleged violations of any federal, state or local statute or regulation with regard to the design, manufacture, distribution, sale, repair or maintenance of EZ Deck Step Ladders similar to the Subject Ladder.  If so, please state the details of each action, including, but not limited to, the nature of each action, by whom each action was taken, the reason for each action, and the disposition of each action.

**ANSWER**:

8

DOCUMENT 12

15.     Please state whether any other claims or lawsuits of any type or kind have been filed against you arising from the same or substantially similar allegations as those contained in Plaintiff's Complaint.  If so, please specify the following:

(a)     The identities of the parties;

(b)     The identities of the parties' attorneys (including names, addresses and telephone numbers);

(c)     The present legal status of such claim or lawsuit (e.g., in pretrial discovery, on appeal, etc.); and

(d)     Please attach a copy of the claim/complaint and your response to the claim or complaint to your answers to these interrogatories.

**ANSWER:**


16.     Are you a parent company, subsidiary, branch, division or affiliated in any way, either directly or indirectly, to another corporation or other form of business entity?  If your answer is in the affirmative, please state the following:

(a)     The name, address and telephone number of the principal place of business of each such business entity; and

(b)     Your relationship with each business entity (i.e., parent, subsidiary, branch, division, etc.).

**ANSWER:**


17.     Please give the name, last known address, and telephone number of all witnesses from whom any of the Defendants, or anyone acting on behalf of the Defendants, have obtained statements regarding the incident made the basis of this action.

DOCUMENT 12

**ANSWER**:

18.     At the time of the incident made the basis of this action, did you have liability insurance which covered the incident made the basis of Plaintiff's Complaint?  If so, please state the names and addresses of any and all insurance companies which furnished you with liability insurance coverage, the policy number and the limits of each such policy.

**ANSWER**:

19.     State the name and address of each person you expect to call as an expert witness at the trial of this matter and, for each such expert, please state the qualifications of each expert, the subject matter on which they are expected to testify and the substance of the facts and opinions to which they are expected to testify.

**ANSWER**:

20.     Describe in detail each and every adjustment, repair, modification, service and/or maintenance made on the Subject Ladder involved in the incident made the basis of this action. Include in your response the person/entity that made same and the date of each such adjustment, repair, modification, service and maintenance.

**ANSWER**:

21.     Describe the sale of the subject ladder, including the dates it was sold, shipped and delivered and to whom the sale occurred.

DOCUMENT 12

**ANSWER**:

22.     State why the subject ladder did not include a through opening and fastener.

**ANSWER**:

23.     Describe all materials shipped with the subject ladder, including manuals, warnings, and pamphlets, including any information on the product.

**ANSWER**:

24.     Describe any testing or engineering analysis conducted by this Defendant on the subject ladder.

**ANSWER**:

25.     Describe any information available electronically regarding the subject ladder and produce same.

**ANSWER**:

26.     List the number of products shipped to the State of Alabama by this Defendant in the past five years.

**ANSWER**:

DOCUMENT 12

ATTORNEYS FOR PLAINTIFF

*/s  Desmond V. Tobias*

DESMOND V. TOBIAS (TOB002)
desi@tmclawyers.com
JASON S. McCORMICK (MCC118)
jason@tmclawyers.com
BRYAN E. COMER (COM015)
bryan@tmclawyers.com
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:     (251) 432-5001
Facsimile:     (251) 432-0714

**TO BE SERVED WITH THE COMPLAINT.**



ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased; REGINA ZIRLOTT, in her individual capacity and REGINA ZIRLOTT, as dependent spouse of RICHARD MATTHEW ZIRLOTT;

§
§
§
§
§
§
§  02-CV-2019-_____
§

Plaintiff,

§
§
§

v.

§
§

DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; et al.

§
§
§
§
§
§
§
§

Defendants.

§
§

---

## REQUEST FOR PRODUCTION TO DEFENDANT SOUTHERN GAS AND SUPPLY, INC.

---

Plaintiff in the above styled cause, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, propounds the following requests for production to Defendant Southern Gas and Supply, Inc., to be answered and responded to fully and completely within the time required by law. The following requests for production include all items and/or documents, whether available and/or maintained in written form, via computer technology, by electronic and/or digital means or otherwise.

1

DOCUMENT 13

## DEFINITIONS AND INSTRUCTIONS

1.      Unless otherwise indicated, the use in the requests of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization, and this includes, and is not limited to those entities operating under or for Defendant Southern Gas and Supply, Inc.

2.      For purposes of interpreting or construing the scope of the requests, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual request. This includes, without limitation, the following:

    a.    Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the Request more inclusive;

    b.    Construing the singular form of the word to include the plural and the plural form to include the singular;

    c.    Construing the masculine to include the feminine and vice versa; and

    d.    Construing the term "including" to mean including, but not limited to.

3.      The term "person" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity. A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

4.      "Document" includes without limitation the original and all copies, including non-identical copy (whether different from the original because of notes made on or attached to

such copy or otherwise) or all papers, emails, electronic information created, stored, or retrieved and processed in electronic, magnetic or digital form, computer files, books, accounts, graphs, charts, photographs, electronic or videotape recordings, data, and other data compilations (including electronic data) from which information can be obtained; all notes handwritten or otherwise, memoranda, analyses, reports, studies, forecasts, work papers and minutes of meetings and all other writings, however denominated. Documents located on premises other than your premises and non-privileged documents possessed by your agents, representatives or attorneys, but in your possession, custody and control, are specifically included.

5.      The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations and any writing, documents, or notes reflecting such communications.

6.      "Identify" or "Identification," as used herein means:

(a)     when used in reference to a natural person, to state (i) the person's name, (ii) occupation and employment position, (iii) educational and professional background, (iv) present or last known residential and employment addresses, (v) telephone numbers, and (vi) the relevant facts which the person possesses;

(b)     when used in reference to an entity other than a natural person, to state (i) its full name and type of entity, (ii) present or last known address of its principal office or place of business, (iii) state and date of incorporation if a corporation, and (iv) the relevant facts which the entity possesses;

(c)     when used in reference to a document, to state (i) its date of authorship/execution and author or signatories, (ii) subject matter, (iii) all names and address of recipients, (iv) type of document (for example, letter, memorandum, telegram, chart, facsimile) and any

other means of identifying it, (v) its present location and custodian, and (vi) the name and address of each person having custody or control of each copy of the document. If the document is not an original, identify the person having custody or control of the original. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it;

(d)     when used in reference to an oral communication, to state (i) the speaker, (ii) the person spoken to, (iii) the medium of the communication, (iv) any other persons who were present or in a position to hear, (v) the date, (vi) the place of communication, and (vii) the substance of such communication;

(e)     when used in reference to a written communication, identify (i) it and all documents which relate in any way to the communication, consistent with paragraph (c) above, (ii) identify all persons who have seen each such written communication, and (iii) the substance of each such written communication; and

(f)     when used in reference to a fact to: (i) state the substance of the fact, and (ii) state how, when and from whom you learned of the fact, including the identification of any document or communication from which you learned of the fact.

7.     "Plaintiff" means Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and her agents and representatives.

8.     "Defendant," "you" and "your" mean Defendant Southern Gas and Supply, Inc., and all persons and entities described in instruction number one.

9.     "Incident" means the December 18, 2018 incident involving Richard Matthew Zirlott and Defendant's 60" EZ Deck Step Trailer Rub Rail Portable Ladder.

10.     The "Subject Ladder" means the 60" EZ Deck Step Trailer Rub Rail Portable Ladder that was involved in the Incident giving rise to this case.

## REQUESTS FOR PRODUCTION

1.     Produce all purchase and sales documents, invoices, contracts, warranty records, service records, and other documents and communications that refer to, discuss or reflect the Subject Ladder.

2.     Produce all purchase and sale documents, invoices, contracts, warranty records, service records, and other documents and communications that reflect transactions of any type with any other Defendants in the past five years.

3.     Produce all advertising and promotional documents, including but not limited to literature, brochures, pamphlets, photographs, video, internet and magazine campaigns, television advertisements and catalogs provided to authorized dealers and/or potential end-consumers for the 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder from 2010-present.

4.     Produce all documents requested or obtained by You from any third-party in connection with Your efforts to discover information from third parties regarding this case, whether obtained informally through the use of authorizations provided by Plaintiff, or through formal process, subpoena, deposition on written questions or other third party discovery technique.

5.     Produce all photographs and videos that reflect any Plaintiff or the Incident.

6.     Produce all photographs, diagrams, drawings, and videos of i) the Subject Ladder or ii) the Incident scene.

7.     Produce all accident reports, investigation reports, notes of investigation, or witness statements relating to the Incident or Plaintiff.

8.     Produce all communications and documents exchanged with or obtained from any

DOCUMENT 13

third party relating to the Incident or Plaintiff, including but not limited to, any witnesses to the Incident, parents or family members of witnesses to the Incident, Plaintiff's medical care providers, or first responders appearing at the Incident scene.

9.      Produce all documents supporting each of Your affirmative defenses.

10.     Produce all documents that reflect the design specifications of the 60" "EZ Deck Step" Trailer Rub Rail Portable Ladder.

11.     Produce all documents distributed to consumers, retailers or distributors that refer to, discuss, or reflect safety notices and communications or user instructions for the Subject Ladder.

12.     Produce the Owners Manuals (and supplements thereto) for the Subject Ladder for all years from the date of initial manufacture to present.

13.     Produce all internal emails, memoranda, and other documents showing what Southern Gas knew about hazards regarding the 60" "EZ Deck Step Ladder," and when it knew.

14.     Produce copies of depositions of Your employees and officers from any other lawsuits filed against You arising out of falls associated with EZ Deck Step Ladder products.

15.     For the Subject Ladder, produce the Bill of Lading, Unit Inquiry, Purchase Order, Invoice for Original Sale, and Certificate of Origin.

16.     Produce all Engineering Change Orders and Manufacturing Documents related to the 60" EZ Deck Step Ladder.

17.     Produce all Service Bulletins applicable to the Subject Ladder.

18.     Produce all documents and communications between You and any other Defendant in this action.

19.     Produce all documents relating to Your field testing (or field testing conduct on Your behalf by third parties) of safety devices to address the risk of ladders disengaging from flatbed trucks.

20.     Produce all documents and communications addressing consumer complaints regarding the risk of an EZ Deck Step Ladder product disengaging from a flatbed.

21.     Produce all documents received by You wherein it was determined or alleged that any of Your EZ Deck Step Ladder products disengaging from a flatbed and injured the product's user(s).

22.     Produce all marketing planning documents for the 60" EZ Deck Step Ladder.

23.     Produce the product overview for the 60" EZ Deck Step Ladder.

24.     Produce all training and instructional documents, photographs and videos provided to consumers or authorized dealers of the 60" EZ Deck Step Ladder.

25.     Produce all reports, studies, analysis, research and memoranda regarding Your marketing strategies for the 60" EZ Deck Step Ladder.

26.     Produce all draft and final post-sale warnings, recall notices, advisories, safety alerts, or similar documents prepared or issued by You, one of Your retailers, or any government agency for the 60" EZ Deck Step Ladder.

27.     Produce Your warranty agreements with Your retailers and other third parties for the 60" EZ Deck Step Ladder.

28.     Produce all product safety reviews for or relating to the 60" EZ Deck Step Ladder, whether performed by You or a third party.

29.     Produce all risk analysis, risk assessment, safety reports or memoranda for or relating to the 60" EZ Deck Step Ladder.

30.    Produce all protocols, manuals, policies, and procedures related to the following:

    a.    Manufacturing and production of the 60" EZ Deck Step Ladder;

    b.    Quality assurance, quality management and quality improvement, including but not limited to, testing, inspection, and failure rates of the 60" EZ Deck Step Ladder;

    c.    Complaints and inquiries, including but not limited to, adjustments and claim rates, from customers and employees pertaining to the 60" EZ Deck Step Ladder;

    d.    Marketing and sales of the 60" EZ Deck Step Ladder; and

    e.    Training pertaining to the manufacturing, production, quality assurance, management and improvement of the 60" EZ Deck Step Ladder.

31.    Produce all documents reflecting Your risk and safety analysis for the 60" EZ Deck Step Ladder.

32.    Produce Your quality assurance guidelines and protocols.

33.    Produce Your product recall guidelines, policies, and procedures.

34.    Produce all recall notices for any EZ Deck Step Ladder products.

35.    Produce Your communications with Your insurer(s) that relate to i) this lawsuit.

36.    Produce all insurance policies providing liability coverage to you, including declarations pages, which were in effect on December 18, 2018.

37.    Produce a copy of Your policies and procedures for: (a) receipt of claims, incident reports, accident reports, and warranty claims; (b) internal company communication and distribution of information concerning incident reports, accident reports, and warranty claims; (c)

investigation and analysis of incident reports, accident reports, and warranty claims; (d) corrective action for design issues identified by incident reports, accident reports, and warranty claims; (e) product recalls; and (f) post sale warnings to dealers and consumers.

38.     If You contend that the Subject Ladder involved in the Incident was misused at the time of or on the day of the Incident, produce all documents supporting Your contention.

39.     Produce all reports of injuries (including Your initial summary of reports and disclosures to government agencies) to users while using the 60" EZ Deck Step Ladder.

40.     Produce all standards, codes, regulations, treatises, publications, and/or other supporting data or documents relied upon by each expert You will or may call at the trial of this action.

41.     Any and all videotapes, videos and records depicting Mr. Zirlott and/or the scene of the accident for the 48-hour period of December 17 and December 18, 2018.

42.     All documents evidencing the purchase of any materials from DiscountRamps.com, LLC.

43.     Any and all statements or other communications between this Defendant and any other regulatory entity, including OSHA.

44.     Any and all documents or other communication in any way related to any investigation conducted into the incident made the basis of this case, and any investigation conducted by OSHA.

45.     Any and all file materials pertaining to Richard Matthew Zirlott.

46.     All materials and documents pertaining to any contractor agreement between this Defendant and Cypress Employment Services, LLC.

47.    Any and all communications between this Defendant and Cypress Employment Services, LLC, related to Richard Matthew Zirlott.

48.    Any and all communications between this Defendant and any person employed with Metals USA relating to the death of Richard Matthew Zirlott.

49.    Any documents, receipts, or other materials related to the purchase of the subject ladder.

50.    All employee manuals, training manuals, policies and procedures relating in any way to Richard Matthew Zirlott.

51.    All emails, text messages, or any other form of communication between employees of this Defendant pertaining to Richard Matthew Zirlott.

ATTORNEYS FOR PLAINTIFF

_/s Desmond V. Tobias_
DESMOND V. TOBIAS (TOB002)
desi@tmclawyers.com
JASON S. McCORMICK (MCC118)
jason@tmclawyers.com
BRYAN E. COMER (COM015)
bryan@tmclawyers.com
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:    (251) 432-5001
Facsimile:    (251) 432-0714

**TO BE SERVED WITH THE COMPLAINT.**

DOCUMENT 44



ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased; REGINA ZIRLOTT, in her individual capacity and REGINA ZIRLOTT, as dependent spouse of RICHARD MATTHEW ZIRLOTT; §§§§§§ | 02-CV-2019-_____ |
| Plaintiff, §§ | |
| v. §§ | |
| DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; et al. §§§§§§§§ | |
| Defendants. §§ | |

## INTERROGATORIES TO DEFENDANT
## CYPRESS EMPLOYMENT SERVICES, LLC

Plaintiff in the above styled cause, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propound the following interrogatories to Defendant Cypress Employment Services, LLC, ("Cypress"), to be answered and responded to fully and completely within the time required by law:

You are reminded that under the provisions of Rule 26 you are under a duty to seasonably supplement your response with respect to any question directly addressed to: (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each

person expected to be called as an expert witness at trial, the subject matter on which they are expected to testify and the substance of their testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which: (a) you know that the response was incorrect when made; or (b) you know that the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff within fifteen (15) days after receipt of such information.

## DEFINITIONS AND INSTRUCTIONS

1.     Unless otherwise indicated, the use in the interrogatories of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization, and this includes, and is not limited to those entities operating under or for Defendant Cypress.

2.     For purposes of interpreting or construing the scope of the interrogatories, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual interrogatory. This includes, without limitation, the following:

  a.  Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the interrogatory more inclusive;
  b.  Construing the singular form of the word to include the plural and the plural form to include the singular;

2

      c.      Construing the masculine to include the feminine and vice versa; and

      d.      Construing the term "including" to mean including, but not limited to.

3.      The term "person" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity. A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

4.      "Document" includes without limitation the original and all copies, including non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) or all papers, emails, electronic information created, stored, or retrieved and processed in electronic, magnetic or digital form, computer files, books, accounts, graphs, charts, photographs, electronic or videotape recordings, data, and other data compilations (including electronic data) from which information can be obtained; all notes handwritten or otherwise, memoranda, analyses, reports, studies, forecasts, work papers and minutes of meetings and all other writings, however denominated. Documents located on premises other than your premises and non-privileged documents possessed by your agents, representatives or attorneys, but in your possession, custody and control, are specifically included.

5.      The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral

contact, such as face-to-face meetings or telephone conversations and any writing, documents, or notes reflecting such communications.

6.    "Identify" or "Identification," as used herein means:

(a)    when used in reference to a natural person, to state (i) the person's name, (ii) occupation and employment position, (iii) educational and professional background, (iv) present or last known residential and employment addresses, (v) telephone numbers, and (vi) the relevant facts which the person possesses;

(b)    when used in reference to an entity other than a natural person, to state (i) its full name and type of entity, (ii) present or last known address of its principal office or place of business, (iii) state and date of incorporation if a corporation, and (iv) the relevant facts which the entity possesses;

(c)    when used in reference to a document, to state (i) its date of authorship/execution and author or signatories, (ii) subject matter, (iii) all names and address of recipients, (iv) type of document (for example, letter, memorandum, telegram, chart, facsimile) and any other means of identifying it, (v) its present location and custodian, and (vi) the name and address of each person having custody or control of each copy of the document. If the document is not an original, identify the person having custody or control of the original. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it;

(d)    when used in reference to an oral communication, to state (i) the speaker, (ii) the person spoken to, (iii) the medium of the communication, (iv) any other persons who were present or in a position to hear, (v) the date, (vi) the place of communication, and (vii) the substance of such communication;

(e)    when used in reference to a written communication, identify (i) it and all documents which relate in any way to the communication, consistent with paragraph (c) above, (ii) identify all persons who have seen each such written communication, and (iii) the substance of each such written communication; and

(f)    when used in reference to a fact to: (i) state the substance of the fact, and (ii) state how, when and from whom you learned of the

fact, including the identification of any document or communication from which you learned of the fact.

7.     "Plaintiff" means Regina Zirlott, as Personal Representative of the Estate of Richard Matthew Zirlott, and her agents and representatives.

8.     "Defendant," "you" and "your" mean Defendant Cypress, and all persons and entities described in instruction number one.

9.     "Incident" means the December 18, 2018 incident involving Richard Matthew Zirlott and Defendant's 60" EZ Deck Step Trailer Rub Rail Portable Ladder.

10.     The "Subject Ladder" means the 60" EZ Deck Step Trailer Rub Rail Portable Ladder that was involved in the Incident giving rise to this case.

## **INTERROGATORIES**

1.     State the name, address, and job title of the person answering these Interrogatories.

**ANSWER:**


2.     Did Richard Matthew Zirlott, the Plaintiff's decedent, suffer injury by accident while employed with Plaintiff?  If not, state in detail the reason for your denial.

**ANSWER:**


3.     State when this accident first came to the attention of the Defendant or any representative of the Defendant, by whom it was reported, and to whom it was reported.

**ANSWER:**

4.    Describe each and every contact you had with Metals USA and/or their representatives or employees following notice of any incident regarding Richard Matthew Zirlott.

**ANSWER**:


5.    Describe the actions taken on behalf of this Defendant following notice of the incident regarding Richard Matthew Zirlott and name any person taking said actions.

**ANSWER**:


6.    Was the Plaintiff's decedent your employee on the date of the accident?  If so, please provide the inclusive dates of employment, the Plaintiff's decedent's job description, including before and after the accident, rates of pay, and the gross earnings for the 52 weeks prior to this accident.

**ANSWER**:


7.    If your answer to the preceding Interrogatory is in the negative, please state in detail your reasons for denying that the Plaintiff was an employee.

**ANSWER**:


8.    Was Richard Matthew Zirlott acting in the course of employment at the time of the accident and, if so, did his injuries arise out of the employment?  If not, state in detail the reason for your denial.

6

**ANSWER**:

9.      Describe any and all contact between this Defendant and a representative of OSHA at any time following this incident.

**ANSWER**:

10.     Please specify the "average weekly earnings" that you contend Richard Matthew Zirlott had on the date of the accident that forms the basis of this litigation, and the amount of compensation benefits paid, exclusive of medical expenses, itemizing the rate, and periods of payment.

**ANSWER**:

11.     Do you contend that the injuries suffered by Richard Matthew Zirlott are due to an accident or condition other than the injuries incurred as a result of the subject accident?  If so, describe each accident or condition with particularity and give the name and address of each witness that has knowledge of such events.

**ANSWER**:

12.     State whether or not Richard Matthew Zirlott was given any physical examination in connection with his employment by you prior to the date of this accident.  If so, as to each examination, please state the date, name, and address of the examining physician, and attach copies of any reports, records, or memoranda prepared in connection with the examination.

**ANSWER**:

13.    Do you or your attorneys have in your possession or custody any report or records from any hospitals or doctors concerning the examinations or treatment of Richard Matthew Zirlott to the date of the accident made the basis of this suit?  If so, state the name of each physician or hospital preparing the report or records, the date and the finding, or, in the alternative, attach copies of all such reports or records to your answers hereto.

    **ANSWER**:

14.    Do you contend that Plaintiff is not entitled to receive workers compensation death benefits?  If so, please state in detail each and every reason you contend the Plaintiff's decedent is not entitled to receive workers compensation death benefits.

    **ANSWER**:

15.    State in detail the information you or any of your representatives have or are aware of relating to the accident, as to how the accident occurred, the facts leading up to the accident and set forth all such information, whether or not it is conflicting.

    **ANSWER**:

16.    State whether any witnesses were interviewed in connection with the alleged accident and, if so, state the name and job classification of the persons interviewing them, and the names and addresses of their representative employers if not in your employ, whether such

statement was recorded or hand written, where each such statement is located, and the person having custody.

**ANSWER**:

17.    Identify all expert witnesses you anticipate calling to testify at the trial of this case stating their name, complete address, a summary of their testimony and qualifications, and attach to these answers a copy of any and all reports generated by that expert, including, but not limited to, any and all documents, records, photographs, statements, brochures, pamphlets, standards, laws, regulations or statutes, or any other documents or tangible evidence of any kind, character, or description used by him or which he consulted, relied upon, or reviewed in the preparation of his opinion in this case.

**ANSWER**:

18.    State whether you are aware of any statement or remark made by or on behalf of any party to this lawsuit concerning any issue in this lawsuit.  If so, state the names, residence addresses, and telephone numbers of each person who made the statement or statements, state the names, residence addresses, and telephone numbers of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER**:

19.    Describe in detail all actions taken by you to obtain emergency medical treatment for Mr. Zirlott and the name of your employees doing so.

9

DOCUMENT 14

**ANSWER**:


20.    Identify all of your employees who arrived at the hospital before Mrs. Zirlott and

identify the employees who failed to contact Mrs. Zirlott.

**ANSWER**:

<div align="center">

ATTORNEYS FOR PLAINTIFF

*/s  Desmond V. Tobias*
DESMOND V. TOBIAS (TOB002)
desi@tmclawyers.com
JASON S. McCORMICK (MCC118)
jason@tmclawyers.com
BRYAN E. COMER (COM015)
bryan@tmclawyers.com
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:    (251) 432-5001
Facsimile:    (251) 432-0714

</div>

**TO BE SERVED WITH THE COMPLAINT.**

DOCUMENT 15



ELECTRONICALLY FILED
4/2/2019 4:06 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, deceased; REGINA ZIRLOTT, in her individual capacity and REGINA ZIRLOTT, as dependent spouse of RICHARD MATTHEW ZIRLOTT; | §<br>§<br>§<br>§<br>§<br>§ | 02-CV-2019-_____ |
| | § | |
| Plaintiff, | §<br>§ | |
| | § | |
| v. | §<br>§ | |
| DISCOUNTRAMPS.COM, LLC; HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS.COM, LLC; METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC; et al. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| | § | |
| Defendants. | § | |

## REQUEST FOR PRODUCTION TO DEFENDANT
## CYPRESS EMPLOYMENT SERVICES, LLC

Plaintiff in the above styled cause, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, propounds the following requests for production to Defendant Cypress Employment Services, LLC, to be answered and responded to fully and completely within the time required by law. The following requests for production include all items and/or documents, whether available and/or maintained in written form, via computer technology, by electronic and/or digital means or otherwise.

## REQUESTS FOR PRODUCTION

1.      Produce any and all accident or incident reports or other documents which describe or reflect the incident occurring on or about December 18, 2018, and/or concerning the injuries of Richard Matthew Zirlott, the Plaintiff's decedent.

2.      Produce for inspection or copying the entire personnel file maintained on Richard Matthew Zirlott in this cause, including, but not limited to, all payroll records, all W-2 forms for Richard Matthew Zirlott from the date he began employment through the date of the accident, to include all notes, memoranda, reprimands, reports of injury, rates of pay, and job descriptions.

3.      Produce all medical, hospital, and doctor bills received by you pertaining to the treatment of the Richard Matthew Zirlott's injuries resulting from the accident that is the subject of this lawsuit.

4.      Produce all accident reports concerning the Richard Matthew Zirlott's injuries that are the subject of this litigation, including, but not limited to, the Employer's First Report of Injury.

5.      Produce all photographs, motion pictures, video movies, and/or audio recordings, taken of Richard Matthew Zirlott in connection with the accident and injuries that are the subject of this lawsuit.

6.      Produce all statements taken from any witness or persons that you or your agents, servants, or employees have interviewed concerning the facts and injuries that are the subject of this litigation.

7.      Produce all photographs, motion pictures, video movies, and/or audio recordings, taken in connection with the subject matter of this lawsuit.

DOCUMENT 15

8.     Produce all written communications, notes, and/or memoranda of any kind made or received by the Defendant to or from anyone other than the Plaintiff's attorney concerning the accident and the injuries of Richard Matthew Zirlott, the Plaintiff's decedent, that are the subject of this lawsuit.

9.     Produce any and all documents which relate, in any way, to the injuries sustained by Richard Matthew Zirlott, the Plaintiff's decedent.

10.    Produce any and all documents, emails, and texts pertaining to this Defendant's contact with OSHA following the incident.

11.    Produce any contracts, agreements, emails, texts or any other similar type of documents between this Defendant and any other Defendant, including Metals USA.

12.    Produce any documents, email or text communication between this Defendant and any other entity in any way pertaining to Richard Matthew Zirlott.

13.    Produce all documents you contend support your response to the Interrogatories.

14.    Produce all emails, text messages, voicemails, memos, or other similar documents relating to the subject incident, your failure to notify Mrs. Zirlott, and your responses to Interrogatories 21 and 22 in particular.

15.    Produce any and all documents, contracts, emails and texts between this Defendant and Metals USA, which relate in any way to Richard Matthew Zirlott.

DOCUMENT 15

ATTORNEYS FOR PLAINTIFF

/s  Desmond V. Tobias
DESMOND V. TOBIAS (TOB002)
desi@tmclawyers.com
JASON S. McCORMICK (MCC118)
jason@tmclawyers.com
BRYAN E. COMER (COM015)
bryan@tmclawyers.com
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:     (251) 432-5001
Facsimile:      (251) 432-0714

**TO BE SERVED WITH THE COMPLAINT.**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CYPRESS EMPLOYMENT SERVICES, LLC
C/O CHRISTOPHER M. GILL
104 ST. FRANCIS ST. #300.
MOBILE, AL. 36602.

9590 9402 4614 8323 3239 60

2. Article Number (Transfer from service label)

7017 2620 0000 1453 0853

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X David Mann
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
David Mann                      4-5-19

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

CV8/01SC

02-00-19-000917

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

United States
Postal Service

9590 9402 4434 8323 3239 01

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

STA
1 P
PLE

THIS A. MOBILE C
CERTIFY THIS
WAS FILED ON

2019   FEB -8   AM 11: 46

■ Sender: Please print your name, address, and ZIP+4® in this box■

John Schwarzauer, Circuit Clerk
MOBILE COUNTY CIVIL DIVISION
Mobile Government Plaza
Room C906
205 Government Street

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X R Quinn

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

05/DISC
02-CV-2019-900017

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return R...

---

**COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. D005
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SOUTHERN GAS AND SUPPLY, INC.
C/O KEVIN KENNEDY
550 EAST RITE ROAD
THEODORE          AL     36582

9590 9402 4614 8323 3239 53

2. Article Number (Transfer from service label)

7017 2620 0000 1453 0846

PS

United States
Postal Service

USPS TRACKING #

9590 9402 3886 8239 3444 53

7589 3336 0134 53

STATE OF ALABAMA
HEREBY CERTIFY THIS
PLEADING WAS FILED ON

2019 APR -8 AM 11:44

CLERK CIRCUIT

* Sender: Please print your name, address, and ZIP+4® in this box*

Mobile Government Plaza
Room C900
205 Government Street
Mobile, Alabama 36644-2936

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

# SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

METALS USA PLATES AND SHAPES, INC
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL 36104

9590 9402 4614 8323 3239 77

2. Article Number (Transfer from service label)

7017 2620 0000 1453 0860

PS F

# COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

02CV-19-000917

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

Domestic Return Receipt

United States
Postal Service

9590 9402 2016 4654 8323 3234 77

USPS PACKAGE

STATE OF ALA. MOBILE CO.
I HEREBY CERTIFY
FOREGOING WAS FILED ON

2019 APR 11 AM 10:

• Sender: Please print your name, address, and ZIP+4® in this box•

JoJo Schwarzauer Circuit Clerk
CIRCUIT COURT
MOBILE COUNTY CIVIL DIVISION
Mobile Government Plaza
Room C636

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HD RAMPS, LLC A SUBSIDIARY OF DI
C/O GERALD ZIEGLER
760 S INDIANA AVE
WEST BEND          WI          53095

DOOL

9590 9402 4614 8323 3239 46

2. Article Number (Transfer from service label)

7017 2620 0000 1453 0839

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [handwritten signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name) [handwritten]
C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

[handwritten: CK/0/KU]
[handwritten: 02CV-2019-000917]

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

9590 9402 2040 6114 6323 3239 46

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box•

U.S. Courts for the Circuit Court

MOBILE COUNTY CIRCUIT COURT
Mobile Government Plaza
Room 0046

CLERK

2019

JO9 Government Circuit Plaza

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _(signature)_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  _Bryant_   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

_CKS/DISC_
_02CV-2019-900917_

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**ER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.  _0001_
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DISCOUNTRAMPS.COM LLC
C/O GERALD W. ZIEGLER
760 S. INDIANA AVE
WEST BEND     WI   53095



9590 9402 4614 8323 3239 39

2. Article Number (Transfer from service label)

7017 2620 0000 1453 0822

United States
Postal Service

USPS TRACKING #

9590 9402 4914 8323 3234 36

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

John Schmutzius, Circuit Clerk
MOBILE COUNTY, ALABAMA
Mobile Government Plaza
Room C936

2019 APR 16 AM 10: 51

ALA. MOBILE...
...G WAS FILE...
...Y CERTIFE...

DOCUMENT 30

ELECTRONICALLY FILED
5/3/2019 12:01 PM
02-CV-2019-900917.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| REGINA ZIRLOTT, as Personal Representative of the Estate of RICHARD MATTHEW ZIRLOTT, et al. | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | 02-CV-2019-900917 |
| DISCOUNTRAMPS.COM LLC, HD RAMPS, LLC, A SUBSIDIARY OF DISCOUNTRAMPS.COM LLC, METALS USA PLATES AND SHAPES, INC.; SOUTHERN GAS AND SUPPLY, INC.; CYPRESS EMPLOYMENT SERVICES, LLC, et al., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT'S, CYPRESS EMPLOYMENT SERVICES, LLC'S, MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT

**COMES NOW,** the Defendant, Cypress Employment Services, LLC (hereinafter referred to as "Cypress" or "Defendant"), by and through its undersigned counsel of record, and file this Motion to Dismiss Count VI of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure and in support thereof states as follows:

1.     Plaintiff filed the Complaint on April 2, 2019, asserting claims for relief under the Alabama Extended Manufacturers' Liability Doctrine (Counts I and II), negligence (Count III), wantonness (Count IV), outrage (Count VI), and workers' compensation (Count VII).  [*See* Complaint, Doc. 2].[1]

---

[1] Plaintiff's initial Complaint does not include a Count V.  [Doc. 2].

2.      Plaintiff's Complaint asserts the decedent, Richard Matthew Zirlott, suffered fatal injuries while working in the line and scope of his employment with Defendant, Cypress on December 18, 2018.  [Doc. 2 at ¶ 62-65].

3.      Plaintiff seeks workers' compensation death benefits from Cypress under the Alabama Workers' Compensation Act, §25-5-60.  [Doc. 2 at ¶ 62-67].  This motion to dismiss does not address or affect Plaintiff's claim for death benefits under the Act.

4.      In addition, Plaintiff seeks damages for outrage related to the Defendants', Cypress' and Metals USA's, alleged conduct immediately following the fall of Mr. Zirlott. [Doc. 2 at ¶ 60].

5.      Specifically, Plaintiff alleges a "failure to inform Plaintiff Regina Zirlott of the accident, failed to inform her that Mr. Zirlott's injuries were life-threatening, failed to inform her that Mr. Zirlott had been taken to the hospital, failed to inform the hospital of Mr. Zirlott's actual name, and failed to inform her that Mr. Zirlott was dying until it was too late." [Doc. 2 at ¶ 60].

6.      As a result of this alleged failure by Defendants, Cypress and Metals USA, "Mrs. Zirlott found her husband, already expired, admitted to the hospital under an alias name." [Doc. 2 at ¶ 60].

7.      Specifically, Plaintiff alleges Mrs. Zirlott had to "conduct a personal search for her husband *in the middle of the night*, only to find him already deceased at the hospital with Metals USA and Cypress already there. [Doc. 2 at ¶ 60]; [emphasis added].

8.      Plaintiff's Complaint sets forth no motive or intent for the alleged communication failure on the part of Cypress and Metals USA.  [Doc. 2 at ¶ 59-61].

2

9.     In essence, Plaintiff alleges that immediately following the accident, in the middle of the night, Defendants' failed to timely notify Mrs. Zirlott of her husband's accident, the nature of his injuries, that he was being taken to the hospital and to notify the hospital of his identity prior to his death on December 18, 2018, thereby depriving her an opportunity to be with him before he died. [Doc. 2 at ¶ 60].

## LEGAL ARGUMENT

### I.     *Plaintiff's allegations, even if true, do not rise to the threshold level of conduct required to maintain a claim based upon the tort of outrage.*

With few exceptions, the Alabama Workers' Compensation Act provides the exclusive remedy against their employer to injured workers for work related injuries. *See Ala. Code* 25-5-52 (1975).   While the Alabama Supreme Court has allowed tort of outrage cases to proceed against an employer in the worker's compensation setting, it is only allowed in very limited, fact-specific situations.

To establish a claim for outrage, a plaintiff must prove:

(1) that the defendant's conduct was intentional or reckless; (2) that it was extreme and outrageous; and (3) that it caused emotional distress so severe that no reasonable person could be expected to endure it.

*American Road Service Co. v. Inmon*, 624 So. 2d 361, 365 (Ala. 1980).   **The question of whether conduct rises to the level of outrageous conduct is a question that should initially be decided by the trial court.**   *Continental Cas. Co. v. McDonald*, 567 So. 2d 1208, 1221 (citing *Inmon, supra*, at 365); (emphasis added).   The Alabama Supreme Court has recognized the tort of outrage in three areas: (1) wrongful conduct within the context of family burials; (2) an insurance agent's coercing an insured into settling an insurance

claim; and (3) egregious sexual harassment. *See Thomas v. BSE Indus. Contractors, Inc.,* 624 So.2d 1041 (Ala.1993). The Alabama Supreme Court has limited the outrage cause of action to egregious circumstances.

The tort "is viable only when the conduct is '**so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.**'" *Inmon,* 624 So. 2d at 365 (emphasis added); *Horne v. TGM Assocs., L.P.,* 56 So.3d 615, 631 (Ala. 2010) (citation omitted). Alabama courts have made it clear that "the tort of outrage was not developed to provide a personal remedy for the trivial emotional distresses that are common to each person in his everyday life. Such [distresses are] the price of living among people." *U.S.A. Oil, Inc. v. Smith,* 415 So. 2d 1098, 1101 (Ala. Civ. App. 1982). The test is to be applied very strictly. *Ex parte Crawford & Co.,* 693 So. 2d 458 (Ala. 1997).

Plaintiff's Complaint makes no allegation of an improper motive or intent on the part of Cypress Employment. To the contrary, Plaintiff alleges this occurred in the middle of the night and that the failure occurred immediately following the alleged fall. [Doc. 2 at ¶ 60]. Assuming Plaintiff's allegation to be true and capable of being supported by the evidence, the conduct does not rise to the level at which Alabama courts have allowed recovery for the tort of outrage. *See Thomas v. Williams,* 21 So. 3d 1234, 1240 (Ala. 2008) (affirming trial court's dismissal of outrage claim pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure).

In *Callens v. Jefferson Cnty. Nursing Home,* 769 So. 2d 273, 281 (Ala. 2000), the Alabama Supreme Court addressed allegations virtually identical to Plaintiff's claims

against Cypress. In that case, the Court held that a nursing home's actions, which included failure to notify plaintiff of her mother's injuries and misrepresentations about the cause of said injuries, were not actionable under the tort of outrage. *Id.*

The tort of outrage does not recognize recovery for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Horne,* 56 So. 3d at 630 (internal and external citations omitted). The tort "applies only to unprivileged, intentional or reckless conduct of an extreme and outrageous nature" which is notably absent in the allegations of this case. Despite Plaintiff's conclusory statements about the outrageousness of Cypress's alleged conduct in her Complaint, the application of settled Alabama law makes clear that the allegations asserted in support of Plaintiff's outrage claim, even when considered in the light most favorable to Plaintiff, do not rise to the level of egregious intentional or reckless conduct required for the tort of outrage.

WHEREFORE, PREMISESS CONSIDERED, Defendant respectfully requests this Honorable Court dismiss Count VI of Plaintiff's Complaint claims against Defendant, Cypress Employment, for failure to state a claim based upon the aforementioned grounds.

Respectfully submitted,

/s/ Michael H. Gregory
Michael H. Gregory        (GRE085)
John W. Dodson            (DOD012)
*Attorneys for Cypress Employment*
*Services, LLC*

**OF COUNSEL:**
**DODSON GREGORY, LLP**
P.O. Box 530725
Birmingham, AL 35253-0725
(205) 834-9170
mhg@dodsongregory.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of May, 2019, I caused a copy of the

foregoing to be served upon all counsel of record via Alafile.

Desmond V. Tobias, Esq.
Jason S. McCormick, Esq.
Bryan E. Comer, Esq.
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604

/s/ Michael H. Gregory
Of Counsel