# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REGINA ZIRLOTT, etc., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0218-WS-MU |
| | ) |
| DISCOUNTRAMPS.COM, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion to remand. (Doc. 16). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 16, 18, 19, 21, 23, 24, 28), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion to remand is due to be granted.

## BACKGROUND

According to the complaint, (Doc. 1-2 at 1-22), the plaintiffs' decedent ("Matthew") was employed by one defendant ("Cypress") and assigned to work on the premises of another ("Metals"). Matthew died from injuries sustained when he fell while descending a ladder ("the Ladder") from a trailer flat bed, where he was unloading steel. The Ladder was a 60-inch trailer rub rail portable ladder designed, manufactured and distributed by a third defendant ("HD Ramps"), which is a wholly owned subsidiary of a fourth defendant ("DiscountRamps"). HD Ramps and/or DiscountRamps sold the Ladder to the final defendant ("Southern"), which in turn sold the Ladder to Metals.

According to the complaint, HD Ramps manufactures trailer rub rail portable ladders in lengths of 48 inches, 60 inches and 72 inches. The 48-inch and

72-inch ladders include a lock through opening and fastener that secure the ladder to the rub rail of a truck trailer. The 60-inch version, however, contains no such mechanism, and its absence contributed to the Ladder's instability and disengagement from the subject rub rail, leading to Matthew's fall and death.

The complaint asserts the following causes of action: (1) AEMLD – design and manufacturing defect; (2) AEMLD – failure to warn; (3) negligence; (4) wantonness; (5) outrage; and (6) worker's compensation.

The defendants removed the action on the basis of diversity. The parties agree that the plaintiffs are citizens of Alabama and that DiscountRamps, HD Ramps and Metals are not. The parties also agree that Southern and Cypress share the plaintiffs' Alabama citizenship. Whether their non-diverse citizenship defeats removal depends on whether they were fraudulently joined.

## DISCUSSION

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). As applicable here, the removing defendant must show "by clear and convincing evidence" that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell v. Allstate Insurance Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (internal quotes omitted). The possibility "must be reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (internal quotes omitted). "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve

any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

Because remand is required if either Southern or Cypress was not fraudulently joined, the Court focuses on Southern. Southern is named as a defendant to the complaint's first four causes of action. The plaintiffs effectively concede they lack any viable claim against Southern under their AEMLD counts, an appropriate concession in light of Alabama Code § 6-5-521(b) and the declaration of Southern's vice president. (Doc. 1-1). They insist, however, that their negligence and wantonness claims against Southern fall within the provision's savings clause.

> It is the intent of this subsection to protect distributors who are merely conduits of a product. This subsection is not intended to protect distributors from independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud.

Ala. Code § 6-5-521(b)(4).

Count Three alleges that, to the extent DiscountRamps, HD Ramps or Southern is determined to be a distributor of the Ladder, such defendant was not a mere conduit but rather committed independent acts or omissions that substantially contributed to Matthew's death. Among the alleged acts of negligence is that of negligently selling the Ladder. (Doc. 1-2 at 15-16). Count Four contains comparable allegations regarding wantonness. (*Id*. at 17-18).

The defendants first complain that the allegations of Counts Three and Four are made "collectively" rather than against Southern specifically. (Doc. 21 at 5, 12). Such generality provides no basis for a finding of fraudulent joinder. *Ullah v. BAC Home Loans Servicing LP*, 538 Fed. Appx. 844, 847 (11th Cir. 2013) (the complaint's allegations defeated fraudulent joinder "although not referring to the non-diverse defendant specifically") (describing *Henderson*); *see also Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) (in assessing a removed complaint for fraudulent joinder, "[w]hen multiple defendants are named in a

3

complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually").

Relying on the decision of a sister Court, the defendants next argue the complaint does not plausibly allege any independent act of Southern unrelated to the Ladder's design or manufacture. (Doc. 21 at 7-8). The Court in *Davis v. Hillman Group, Inc.*, 2017 WL 3313999 (S.D. Ala. 2017), recognized that Section 6-5-521(b)(4) may plausibly be read not to "'immunize sellers who deliberately choose to sell dangerous products to unwary consumers.'" *Id*. at *3 (quoting *Barnes v. General Motors, LLC*, 2014 WL 2999188 at *5 (N.D. Ala. 2014)). The defendants express no disagreement with this proposition.[1] The *Davis* Court then concluded that the complaint's negligence claim, which alleged that the non-diverse retailer defendant negligently sold the plaintiffs the product at issue, did not implicate Section 6-5-521(b)(4). *Id*. The *Davis* Court did not expressly identify its reasoning but, since it conceded the legal viability of a claim against the retailer, it presumably failed to find in the complaint allegations supporting the proposition that the retailer knew or should have known it was selling a dangerous product to an unknowing consumer.

The complaint in this case, however, contains such an allegation. It alleges that Southern "knew the Subject Ladder was intended to be used on the rub rail of flatbed trailers, and knew or should have known that the marketing, packaging, warnings, and/or design of the ladder was unreasonably dangerous." (Doc. 1-2 at 4). The defendants have ignored this language, (Doc. 21 at 10-12), even after the plaintiffs pointed it out in their motion, (Doc. 16 at 6), but it plainly and precisely

---

[1] As this Court noted, "[t]he Alabama courts have not construed these new statutes [including Section 6-5-521(b)(4)] and, until they do, their meaning remains uncertain." *Robinson v. Invacare Corp.*, 2013 WL 5567084 at *2 (S.D. Ala. 2013). "Because the Court must 'resolve any uncertainties about the applicable law in the plaintiff's favor,' *Pacheco de Perez*, 139 F.3d at 1380, that uncertainty is fatal to removal." *Id*.

invokes the exact legal theory the defendants concede has not been ruled out by the Alabama courts.

Citing what they term the "detailed allegations" against the resident defendant in two other removed cases involving Section 6-5-521(b)(4), the defendants next assert that the instant complaint by comparison "does not contain sufficient facts to state a plausible claim against [Southern] on the basis of any such independent conduct." (Doc. 21 at 12-16). For purposes of fraudulent joinder analysis, however, the adequacy of a complaint is not measured against some paragon of pleading or even by the plausibility standard applicable to complaints originally filed in federal court; instead, "[t]o determine whether it is possible that a state court would find that the complaint states a cause of action, we must necessarily look to the pleading standards applicable in state court …." *Stillwell v. Allstate Insurance Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011).

"Alabama employs a notice pleading standard, which notably does not incorporate *Iqbal* or *Twombly* pleading standards." *Smith v. Pilot Travel Centers*, 2015 WL 1457470 at *4 (M.D. Ala. 2015). As this Court has noted, "Alabama law provides that the dismissal of a complaint is not proper if the pleading contains even a generalized statement of facts which will support a claim for relief." *McKenzie v. Janssen Biotech, Inc.*, 2017 WL 2670738 at *4 (S.D. Ala. 2017) (internal quotes omitted). Instead, dismissal is proper "only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief." *Id*. (internal quotes omitted). The defendants do not acknowledge or employ the correct standard and thus have failed to meet their burden of showing there is no reasonable possibility the Alabama courts would find Counts Three and Four to state a claim against Southern.

Finally, the defendants assert that "the evidence shows that prior to this incident, Southern was not aware of any claimed defects with the ladder at issue." (Doc. 21 at 15). Removing defendants are permitted to submit affidavits to establish that the plaintiffs cannot establish a cause of action against the resident

5

defendant.  *Legg*, 428 F.3d at 1322.  If they submit evidence that negates a cause of action, it is incumbent upon the plaintiffs (who cannot simply rely on the allegations of the complaint) to present evidence sufficient to raise a question of fact.  *Id*. at 1323.

The defendants, however, have not negated the plaintiffs' cause of action.  The affidavit of Southern's vice president does not assert that Southern was unaware of any defect associated with the 60-inch ladder model of which the Ladder is an exemplar.  All the affidavit asserts is that the affiant (not Southern) was not aware of any "claims" (explicitly limited to litigation and demand letters, to the exclusion of other sources of information such as studies, conversations, etc.) "made against [Southern]" (as opposed to DiscountRamps or HD Ramps) alleging "defects" (not clearly including the instructions and warnings with which the complaint is concerned) regarding "the ladder identified by Plaintiff and supplied to [Southern] by DiscountRamps.com" (apparently limited to the Ladder and not extending to the 60-inch model of which the Ladder is but one fungible example).  An affidavit saying nothing more than that a certain individual was not aware of any actual or threatened litigation directed at Southern based on defects in the Ladder's design or manufacture falls woefully short of negating the plaintiffs' claim that Southern negligently or wantonly sold the Ladder to Metals when it knew or should have known the ladder model, including its warnings, was unreasonably dangerous.

**CONCLUSION**

Because Section 6-5-521(b)(4) may permit a claim against a retailer for selling a product it knows or should know is unreasonably dangerous, and because the complaint alleges that Southern sold the Ladder with such awareness, Southern was not fraudulently joined, and its citizenship cannot be ignored.  The Court therefore lacks subject matter jurisdiction over this action.  Accordingly, the

plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 3rd day of July, 2019.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE